**The REEDSBURG BANK,**
**Plaintiff-Appellee,**

v.

**APOLLO, Defendant-Appellee,**

v.

**Herbert R. NICHOLLS and Joan S. Nicholls, Proposed Intervenors-Appellants.**

No. 73–1921.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 17, 1974.

Decided Jan. 7, 1975.

Daniel W. Hildebrand, Madison, Wis., for proposed intervenors-appellants.

James R. Clark, Milwaukee, Wis., for appellee.

Before SPRECHER and TONE, Circuit Judges, and PERRY, Senior District Judge.*

TONE, Circuit Judge.

This is an appeal from an order denying a motion to intervene in an in rem foreclosure proceeding under the Ship Mortgage Act, 46 U.S.C. § 911, et seq.

Between July 1970 and December 1972, plaintiff Reedsburg Bank made loans to Western River Steamboat Co., Ltd., to finance the construction of the Apollo, a stern-wheel vessel being built for use in the Wisconsin Dells as a sight-seeing vessel, and to provide operating capital for Western River's tourist operations in the Dells. The loans were in part secured by personal guarantees of Herbert R. Nicholls and Joan S. Nicholls, stockholders of Western River, who seek to intervene in this action.

In August 1972 Western River and the bank entered into a term loan agreement covering advances that had been made up to that time, and Western River gave the bank new promissory notes in the principal amounts of $75,000, $45,000, and $20,000, secured by a first preferred mortgage on the Apollo. An earlier note for $30,000, which intervenors had guaranteed, was incorporated into the $75,000 note. Whether intervenors guaranteed the full amount of the $75,000 note is in dispute.

When Western River defaulted, the bank commenced this action in admiralty against the vessel to foreclose the mortgage. Neither Western River nor the Nicholls were named as defendants. The bank exercised the option afforded by the Ship Mortgage Act to proceed in rem solely against the vessel. Western River did not appear. The Nicholls filed a motion to intervene, seeking a declaratory judgment that their guarantees were void or, in the alternative, an adjudication that the proceeds of the foreclosure be allocated to the amounts they had guaranteed and that the bank be precluded from later obtaining a deficiency judgment against them. The Nicholls, who, like the bank, were residents of Wisconsin, had no property interest in the vessel and were not parties to the ship mortgage.

Gerald Matthews, an officer of Western River and also a guarantor of its indebtedness to the bank, filed a claim in the amount of $20,625.58 against the vessel for labor and services rendered to Western River. Pursuant to a stipulation between the parties and the proposed intervenors, the vessel was sold by the marshal at a public sale, the bank

---

* Senior District Judge J. Sam Perry of the Northern District of Illinois is sitting by designation.

bidding it in at $70,000. The proceeds were deposited with the clerk to await resolution of the competing claims of the bank and Matthews.

After hearing, the District Court denied the motion for intervention and confirmed the sale of the vessel. The only issues still pending before the District Court concern the validity and priority of Matthews' maritime lien. After the denial of intervention in this case the bank commenced an action in the Wisconsin state court against Western River, the Nicholls, and other guarantors to obtain a deficiency judgment and enforce the guarantees.

The District Court did not hold, and the appellee bank does not argue, that the Ship Mortgage Act precludes intervention. The right to intervene depends upon Rule 24, Fed.R.Civ.P.

The Nicholls sought alternatively to intervene as of right under clause (2) of paragraph (a) of Rule 24 and by permission of the court under clause (2) of paragraph (b) of that rule. The District Court held that the Nicholls did not satisfy the requirements for intervention of right and that they failed to establish the existence of an independent ground of federal jurisdiction for their claims, which the court held to be required for permissive intervention.

*Appealability*

■ Although appellee has not challenged the appealability of the order denying intervention, it is appropriate to observe that we find the order appealable. Under the traditional rule, an order denying intervention of right is unconditionally appealable, but an order denying permissive intervention is appealable only if the district court has abused its discretion. 3B J. Moore, Federal Practice ¶ 24.15 (2d ed. 1974). This distinction, which means that the court of appeals must consider the merits of the discretionary intervention to determine whether the order is appealable, has no practical significance. Its only effect is to require that, if we agree with the district court on the merits, we dismiss

the appeal instead of affirming. The Second Circuit, in reviewing a denial of intervention of right, has taken the position that the distinction should be eliminated:

"Commentators seem to agree that requiring appealability of an order to turn on the merits serves no useful purpose. They would prefer to consider all denials of intervention final orders and therefore appealable, but would reverse only when a party is entitled to intervention as of right or the trial court abused its discretion in denying permissive intervention. See Shapiro, Some Thoughts on Intervention Before Courts, Agencies, and Arbitrators, 81 Harv.L.Rev. 720, 740–51 (1968); 3B J. W. Moore, Federal Practice ¶ 24.15 at 24–565 (1969).

. . . . .

"Given the aim of the 1966 amendments to the Federal Rules which substituted 'a practical rather than a conceptual emphasis in questions of intervention,' [C. Wright, Handbook of the Law of Federal Courts 328 (2d ed. 1970)] the proper and sensible course is to assume that an order denying intervention is final for the purposes of appeal, and to go directly to the merits." Ionian Shipping Co. v. British Law Insurance Co., 426 F.2d 186, 189 (2d Cir. 1970).

■ We agree with this analysis and proceed to consider the appeal from the order denying intervention on the assumption that we have jurisdiction to consider both the questions of intervention of right and permissive intervention. The standard of review of an order denying permissive intervention remains, of course, whether the district court abused its discretion.

*Intervention of Right*

■ To intervene of right under Rule 24(a)(2), the Nicholls were required to satisfy three conditions:

(1) claim "an interest relating to the property or transaction which is the subject of the action," *i. e.,* "a

significantly protectable interest," Donaldson v. United States, 400 U.S. 517, 531 [91 S.Ct. 534, 27 L.Ed.2d 580] (1971);

(2) be "so situated that the disposition of the action may as a practical matter impair or impede [their] ability to protect that interest"; and

(3) show that their interest is not "adequately represented by existing parties."

The District Court held that the first two conditions were not satisfied. We agree.

■ The "property or transaction which is the subject of the action" is the vessel Apollo and the preferred ship mortgage. The section of the act under which the action was brought, 46 U.S.C. § 951, provides as follows:

"A preferred mortgage shall constitute a lien upon the mortgaged vessel in the amount of the outstanding mortgage indebtedness secured by such vessel. Upon the default of any term or condition of the mortgage, such lien may be enforced by the mortgagee by suit in rem in admiralty. Original jurisdiction of all such suits is granted to the district courts of the United States exclusively."

Notice by publication is required, but "actual notice of the commencement of any such suit" need be given only to the master, other ranking officer, or caretaker of the vessel and any person who has a recorded undischarged lien under 46 U.S.C. § 925. Failure to give notice is not a jurisdictional defect but merely subjects the libelant to damages in the amount of his interest in the vessel terminated by the suit. The Ship Mortgage Act also permits an action in personam against the mortgagor, 46 U.S.C. § 954(a), but the bank did not elect to proceed in that manner.

The sole function of the in rem proceeding is to foreclose the mortgage, effect the sale of the vessel, and establish the priority of all claims directly against the vessel. Upon proof that the mortgage qualifies as a "preferred mortgage lien," "all pre-existing claims in the vessel are to be held terminated and thereafter are to attach to the proceeds," which are to be distributed among the lienors. Detroit Trust Co. v. The Thomas Barlum, 293 U.S. 21, 35, 55 S.Ct. 31, 35, 79 L.Ed. 176 (1934). Since the Nicholls do not contend that the mortgage fails to qualify as a preferred ship mortgage under the definition in 46 U.S.C. § 922, or that they qualify as lienors, the narrow scope of the in rem foreclosure proceeding does not actually touch upon their interest, as the District Court properly concluded.

The Nicholls do not claim a proprietary interest in the vessel or a maritime lien against it; nor do they claim to be parties to the ship mortgage. Their claims relate solely to potential exposure to personal liability created, not by the ship mortgage or the foreclosure of the ship mortgage, but by personal guarantees given by them. Since the bank has not sued on the guarantees in this action, there is no possibility that the judgment would have an adverse effect on their liability under the guarantees. Similarly, the Nicholls' claimed interest in requiring the proceeds of the mortgage sale to be applied to amounts guaranteed by them relates to the contract of guarantee and not to the foreclosure of the mortgage or the determination of the relative priority of liens.

The only arguable interest the Nicholls would have had in the subject of this action was in insuring that the price at which the vessel was sold at judicial sale was not unreasonably low. This possible interest, however, they did not plead or argue. In fact they allege in their proposed complaint that the vessel was worth at most approximately $75,000. They stipulated that the vessel could be sold, did not oppose the confirmation of the sale at $70,000, and do not now contend that the price was below the fair market value.

The Nicholls have shown no "significantly protectable interest," Donaldson v. United States, *supra,* 400 U.S. at 531,

91 S.Ct. 534, economic or otherwise, in the foreclosure of the ship mortgage. Accordingly, they failed to satisfy the first condition of Rule 24(a)(2).

Even if the Nicholls' claimed interest were assumed to relate in some way to the subject of this action and thus satisfy the first requirement of Rule 24(a)(2), their intervention of right must fail, because as a practical matter the disposition of this action will not impair or impede their ability to protect that interest. They will be entitled to assert in the action commenced in the state court to enforce their guarantees any defense or claims for relief they may have, including those related to the commercial reasonableness of the bank's action, the validity of their guarantees, and the proper application of the proceeds of the mortgage sale. The District Court stated that it was not passing upon the merits of the intervenors' claims and that they would be free to assert those claims in another forum. The bank has represented in its brief and in oral argument in this court that it will not contend in any state proceeding that the Nicholls' claims should have been adjudicated in this federal action, and that representation, made for the purpose of inducing this court to act, would estop the bank from making any such contention in the state court if it were disposed to do so.

The Nicholls' concern that the "exclusive jurisdiction" of the "admiralty court" may preclude them from presenting their claims in a state forum is also without foundation. The admiralty jurisdiction of the federal courts under 28 U.S.C. § 1333 "is 'exclusive' only as to those maritime causes of action begun and carried on as proceedings *in rem,* that is, where a vessel or thing is itself treated as the offender and made the defendant by name or description in order to enforce a lien." The state courts are left " 'competent' to adjudicate maritime causes of action in proceedings *'in personam,'* that is, where the defendant is a person, not a ship or some other instrument of navigation." Madruga v. Superior Court, 346 U.S. 556, 560–561, 74 S.Ct. 298, 301, 98 L.Ed. 290 (1954). Thus even if the guarantors' claims were viewed as maritime in character, the state court would be free to adjudicate them.

The same allocation of exclusive federal jurisdiction is made in the Ship Mortgage Act. Only the jurisdiction to foreclose the lien of the mortgage and to determine its priority in relation to that of other liens in a proceeding in rem is made exclusive by the Act. (46 U.S.C. § 951.) The Act confers federal jurisdiction over an action in personam in admiralty to obtain a deficiency judgment against the mortgagor (46 U.S.C. § 954(a); see also Supplemental Rules for Fed.R.Civ.P. for Certain Admiralty and Maritime Claims, Rule C(1)(b)), but leaves the state court with concurrent jurisdiction over such an action. Cf. Madruga v. Superior Court, *supra,* 346 U.S. at 560–561, 74 S.Ct. 298.[1] There is no suggestion anywhere in the Act that issues other than those necessarily arising in the foreclosure action and issues concerning the enforceability of other maritime liens are within the exclusive jurisdiction of the federal court or must be adjudicated in the foreclosure action.

Clearly, the federal court does not have exclusive jurisdiction over claims relating to guarantees of indebtedness secured by a ship mortgage. In fact, as we hold below, an independent basis for federal jurisdiction must exist if such claims are to be asserted in the federal court.

The Nicholls also contend that if, as a result of the federal judgment, the bank receives the proceeds from the sale of the vessel without restriction, their bar-

1. The history of one case cited by appellants indicates that defenses to recovery on a guarantee of a ship mortgage are available even after a deficiency judgment has been entered by default in a suit combining in rem foreclosure and in personam action for deficiency judgment. In United States v. Krch, 1969 A.M.C. 1204 (N.D.Cal.1969), the guarantor argued discharge by novation in a subsequent federal action on the guarantee, and was apparently permitted to develop his defenses fully, though they did not prevail.

gaining position with regard to the balance still due will be adversely affected. Assuming that so nebulous an interest were cognizable under the rule, we see no realistic basis for the contention. The judgment in this case will determine only how much of the sale proceeds will be distributed to the bank, not how the bank must allocate these proceeds after it receives them. If the bank applies the proceeds incorrectly, the Nicholls will have an opportunity to challenge that application in the state court action brought to enforce the guarantees. There could be no significant impairment of the Nicholls' negotiating position by the judgment in this action.

*Permissive Intervention*

The court may permit intervention under Rule 24(b)(2) "when an applicant's claim or defense and the main action have a question of law or fact in common." The district judge denied permissive intervention on the ground that it requires "the existence of an independent ground of jurisdiction to support it and I can discover in this record no independent ground of jurisdiction to support the intervention by the Nicholls." Apparently counsel for the Nicholls did not contend in the District Court, as they do here, that an independent ground of jurisdiction was unnecessary but rather argued that "either explicitly or implicitly the Ship Mortgage Act provides some independent ground of jurisdiction," a contention which the court rejected.

■ The general rule is that permissive intervention in an in personam action other than a class action must be supported by independent grounds of jurisdiction; but that it need not be so supported in an in rem action. 3B J. Moore, Federal Practice ¶ 24.18[1] (2d ed. 1974). The rationale for this rule is that in an in rem proceeding the intervenors' right is likely to ripen to an absolute right to intervene at a later stage, and the intervenors' claim "should properly be regarded as ancillary, for the intervenors' claim or defense can be heard in no other forum." *Id.,* at 24–752. In an in

personam action, on the other hand, when the only basis for intervention is a common question of law or fact, there is no compelling reason to permit the litigation of a claim or a defense that could not have been asserted had the intervenor been an original plaintiff or defendant. *Id.*

■ In the case at bar, although the main action is in rem, the Nicholls' claims, which are in the nature of anticipatory defenses, are in personam and relate to claims in personam against the Nicholls which the bank has not asserted in this in rem action. Unlike a case in which the intervenor asserts some right against or interest in the res in a proceeding in rem, the Nicholls sought only an adjudication of their rights against the mortgagee. The Nicholls' claims could not have been asserted in the federal court in the absence of the main action. They can be heard later in another forum. The same considerations that require an independent basis of jurisdiction when the main action is in personam are present here. The District Court properly held that the intervenors' claims should be dismissed for want of jurisdiction.

If, moreover, the district judge had considered the question of permissive intervention on its merits, he would have had to conclude that the requirement of Rule 24(b)(2) was not satisfied. The Nicholls' claims and the main action do not have any question of law or fact in common. No issue that could conceivably have arisen within the narrow scope of the ship mortgage foreclosure proceeding would have been the same as any issue the Nicholls sought to raise as intervenors.

We agree with the District Court that neither the Ship Mortgage Act nor federal law emanating from that Act provides an independent ground of federal jurisdiction for intervenors' claims and defenses. Nothing in the Act deals with the rights of guarantors of loans secured by ship mortgages or the manner in which the mortgagee is to apply proceeds received from the sale of collateral

to reduce the indebtedness secured by the collateral.

The District Court's order denying intervention was correct. The Nicholls will be entitled to raise in the state proceeding brought, *inter alia*, to enforce their guarantees, all of the questions which they seek to raise here. Accordingly, the order of the District Court is affirmed.

Affirmed.