MOTOR CLUB OF AMERICA INSURANCE COMPANY *vs.* WINSTON McCROSKEY & others.[1]

Hampden.   October 18, 1979. — February 15, 1980.

Present: ARMSTRONG, PERRETTA, & KASS, JJ.

*Practice, Civil,* Declaratory proceeding, Parties.

A motion for leave to intervene in an action after judgment should be allowed only when the moving party presents strong justification and, in an action for declaratory relief, such a motion was properly denied where res judicata would not be a factor in future litigation, the practical consequences of additional litigation would cause the moving party no detriment, and, in the posture of the case, the implications of the doctrine of stare decisis were minimal.   [185-190]

CIVIL ACTION commenced in the Superior Court on August 25, 1977.

Motions for leave to intervene and for relief from judgment were heard by *Adams, J.*

*Paul J. Gillespie* for Horace Mann Insurance Company, intervener.

*Edward J. Shagory (George J. Shagory* with him) for the plaintiff.

PERRETTA, J.   The Horace Mann Insurance Company (Horace Mann) appeals from the denials of its post-judgment motions to intervene and for relief from judgment, Mass.R.Civ.P. 24(a) and 60(b), 365 Mass. 769-770, 828-829 (1974), in an action between the plaintiff and the defendants commenced pursuant to G. L. c. 231A.   We conclude that the denials of these motions were correct.

The facts are taken from the complaint of the plaintiff, Motor Club, and the motions of the intervener, Horace

---

[1] Henry Oliver, George Solomon, and Henry Schwartz, administrator.

Mann, and they concern an automobile accident which occurred in 1973. The defendant Oliver was driving a car with the permission of a person not a party to this suit. This car was registered and insured in the name of the defendant McCroskey. Motor Club was the liability insurer of the car. The car driven by Oliver collided with a car driven by the defendant Solomon, and a passenger in the latter car, Jeffrey Schwartz, was killed. Horace Mann provided uninsured motorist coverage to the defendant Solomon. In 1974 and 1975, the defendant Schwartz, as administrator of his son's estate, and Solomon commenced tort suits against the defendants Oliver and McCroskey. In 1977, Motor Club brought its action seeking a binding declaration that its policy was inapplicable to the accident. It alleged that Oliver did not have McCroskey's permission, express or implied, to drive the car, and therefore that it had no obligation to the insured under the terms of the policy.[2] Although all the defendants were served with the complaint, only the defendant Schwartz filed an answer and participated in the litigation;[3] default judgments were entered as to the remaining defendants. However, counsel for the defendant Solomon, Horace Mann's insured, had entered his appearance and had received notice of both the default judgment and of the date and time set for trial on the complaint.

On November 28, 1977, a judgment was entered declaring that McCroskey never authorized or allowed Oliver to drive his car and that consequently there was no legal obligation for Motor Club to provide indemnification to any injured party. On March 24, 1978, Horace Mann filed its motions and served copies upon all the parties to the com-

---

[2] The policy provided that the term "'insured' includes the named insured and also includes any other person responsible for the operation of the motor vehicle with the express or implied consent of the named insured."

[3] The record shows that the defendant Schwartz neither admitted not denied the key allegations of Motor Club's complaint, and he required Motor Club to prove them; we do not have the trial transcript.

plaint.[4]  In its motion to intervene[5] Horace Mann asserts that as the provider of uninsured motorist coverage to the defendant Solomon it had an interest in the action which was not protected by the named parties and which would be impaired if it were not allowed to intervene.[6]  It also asserts that the defendants, in the absence of intervention, will be subject to multiple litigation and possible inconsistent results.  Horace Mann tracks the language of Mass.R.Civ.P. 24(a)(2), 365 Mass. 769 (1974), in its motion; the gist of its claim of right to intervene is that none of the existing parties to the action had an interest in pressing indemnification from Motor Club because the coverage provided by Horace Mann was greater.

Although Horace Mann's interests may have been ignored by the parties, that fact is of no significance in and of itself. The extent of its interest must be determined to be within the scope of rule 24(a)(2) before consideration is given to whether the defendants adequately protected that interest. An intervener "is to be allowed in, if the other conditions of the rule are satisfied, unless the court is persuaded that the representation of him is in fact adequate."  7A Wright & Miller, Federal Practice and Procedure § 1909, at 521 (1972). In reviewing Horace Mann's claim under rule 24(a) it is appropriate to consider first the timeliness of its motion. Cases decided under the cognate Fed.R.Civ.P. 24(a) indicate a strong reluctance to allow intervention, even when claimed as a matter of right, after the action has been finally adjudicated.  See *McDonald* v. *E. J. Lavino Co.*, 430 F.2d

---

[4] Horace Mann first submitted its motions on December 27, 1977, but they were rejected by the clerk's office because of form; it also served all the parties to the suit with this set of motions.

[5] We confine our discussion to the motion to intervene, as our conclusion on this issue makes it unnecessary to consider the motion for relief from judgment under rule 60(b).

[6] In an affidavit attached to its motion, counsel for Horace Mann alleges that he deposed the defendant McCroskey in 1975 in the presence of Motor Club's counsel and that during the deposition McCroskey made statements which contradict the allegations made by Motor Club in its complaint.

1065, 1072 (5th Cir. 1970); *NLRB* v. *Shurtenda Steaks, Inc.,* 424 F.2d 192, 194 (10th Cir. 1970). Within the Federal system, the intervener must demonstrate a strong justification for intervention after judgment. *Hobson* v. *Hansen,* 44 F.R.D. 18, 22 (D.D.C. 1968) (Wright, J.), aff'd sub nom. *Smuck* v. *Hobson,* 408 F.2d 175, 181 (D.C. Cir. 1969) (en banc). *United States* v. *Blue Chip Stamp Co.,* 272 F.Supp. 432, 435-438 (C.D. Cal. 1967), aff'd sub nom. *Thrifty Shoppers Scrip Co.* v. *United States,* 389 U.S. 580 (1968). We can ascertain no reason why a lesser standard should be employed under our identical rule. With this standard in mind, we now consider whether Horace Mann had an interest in the action, the protection of which has been impaired or impeded by the judgment.

We do not reach the issue whether Horace Mann has shown an interest within the scope of rule 24(a)(2). This is so because even were we to view Horace Mann's interest as being "a significantly protect[ible] interest," see *Donaldson* v. *United States,* 400 U.S. 517, 531 (1971), its claim of intervention as of right would still fail because the present judgment does not impair or impede its ability to protect that interest in the future. See *Rothberg* v. *Schmiedeskamp,* 334 Mass. 172, 177 (1956); *Reedsburg Bank* v. *Apollo,* 508 F.2d 995, 999 (7th Cir. 1975). This declaratory judgment does not affect Horace Mann in future litigation because it was not a party to the case. See *Attorney Gen.* v. *Kenco Optics, Inc.,* 369 Mass. 412, 415 (1976); *Connolly* v. *Great Basin Ins. Co.,* 6 Ariz. App. 280, 284-287 (1967). Cf. *Morganelli* v. *Building Inspector of Canton,* 7 Mass. App. Ct. 475, 484-486 (1979). In this respect, since a declaratory judgment can be collaterally attacked on the basis of a plaintiff's failure to join necessary parties, our view of Horace Mann's claim is not altered by the fact that G. L. c. 231A, § 8, inserted by St. 1945, c. 582, § 1, requires the joinder of all "parties who have or claim any interest which would be affected by the declaration." See *Kilroy* v. *O'Connor,* 324 Mass. 238, 241-243 (1949); *Commonwealth* v. *Massachusetts Elec. Co.,* 347 Mass. 780 (1964); *Finley* v.

*Factory Mut. Liab. Ins. Co.*, 38 N.J. Super. 390, 394-399 (1955). Thus, the doctrines of res judicata and collateral estoppel are not factors here. Nevertheless, because rule 24(a) is intended to protect practical interests, it is not limited strictly to legal or equitable concerns. *Nuesse* v. *Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967). The rule requires the practical consideration of the interests of the party seeking to intervene in having a prompt and complete judicial resolution of a problem as well as consideration of the primary parties' interests in maintaining a simpler and quicker trial. *Ibid.* Comment, The Litigant and the Absentee in Federal Multiparty Practice, 116 U.Pa.L.Rev. 531, 531-533 (1968). Further, the interest of the trial court in its docket cannot be ignored. *Atlantis Dev. Corp.* v. *United States*, 379 F.2d 818, 824 (5th Cir. 1967). Cohn, The New Federal Rules of Civil Procedure, 54 Geo.L.J. 1204, 1232 (1966).

We have balanced the practical consequences of the position in which Horace Mann presently finds itself with the solution it urges us to accept. Contrast *Atlantis Dev. Corp. supra*; Kaplan, Continuing Work of the Civil Committee: 1966 Amendments of the Federal Rules of Civil Procedure (I), 81 Harv.L.Rev. 356, 405-407 (1967). Again, the scales do not tip in Horace Mann's favor. Since the determinations made in the present suit do not bind Horace Mann, *Crompton* v. *Lumbermens Mut. Cas. Co.*, 333 Mass. 160, 165 (1955); *Crompton* v. *Lumbermens Mut. Cas. Co.*, 334 Mass. 207, 209-210 (1956), the only ramifications of the denial of its motion which are causes for concern are the possibilities of subsequent litigation and an inconsistent result. This concern, however, is only momentary because, as we earlier noted, there is no practical difference to Horace Mann between new litigation and relitigation. In either event it is subsequent litigation, and it causes no detriment to Horace Mann. While Horace Mann also argues the possibility of an inconsistent judgment, such an event could only be of benefit to it. As inconsistent judgment would fall hardest on those present defendants who

are also plaintiffs in the personal injury suits, and Horace Mann has no cause to assert this position on their behalf. Only one defendant, Schwartz, participated in the litigation, and none of the defendants has pursued a position on this issue of intervention. Any apprehensions Horace Mann may have as to the implications of stare decisis upon its independent litigation are minimal because of the posture of this case, i.e., lack of participation by the defendants. Contrast *Atlantis Dev. Corp.*, *supra* at 828-829.

In light of our conclusion we need not consider whether Horace Mann's interests were adequately represented by the existing parties.

*Orders denying the motions*
*affirmed.*