PETER M. HIGGENBOTTOM *vs.* AETNA CASUALTY AND SURETY COMPANY. August 27, 1981. The plaintiff brought a prior action in tort against the defendant's insured and the insured's adult son, seeking damages for injuries sustained in an accident caused by the son's negligent operation of the insured's motor vehicle. The defendant refused to defend its insured in that action because the son was driving the insured's motor vehicle without the insured's permission, and, therefore, the risk was not within the coverage of the policy. The plaintiff recovered judgment, and execution on the judgment issued but it has not been satisfied. The plaintiff then brought the present action against the defendant, alleging that its refusal to investigate the accident fully, to settle the plaintiff's claim, and to defend its insured were unfair and deceptive acts. G. L. c. 93A. G. L. c. 176D. See *Dodd* v. *Commerical Union Ins. Co.*, 373 Mass. 72, 75-79 (1977). The judge granted summary judgment for the defendant on its motion brought under Mass.R.Civ.P. 12(b)(6) and 56, 365 Mass. 755, 824 (1974). We affirm the judgment.

The pleadings, affidavits, and exhibits present the following undisputed facts. The accident in question occurred on or about August 19, 1978, and counsel for the plaintiff sent a claim letter to the defendant on September 11, 1978. The defendant advised counsel for the plaintiff, on September 21, 1978, that the accident would be investigated and that a response to the claim would be made within ten days. The insured and his son signed affidavits dated October 26, 1978, which recited that the son, who did not reside with the insured and whose driver's license was under suspension, had taken the keys to the car from the insured's bedroom while the insured was asleep and that the son was driving the car on the night of the accident without the insured's permission or authority. On October 27 and 30, 1978, the defendant informed the plaintiff that based on these facts, the accident was outside the scope of the coverage afforded under the policy, and it would, therefore, make no settlement offer or otherwise defend the action. The plaintiff never disputed paragraph six of the defendant's affidavit in which it was stated that because the in-

sured's son had driven the car without the insured's permission, there was no coverage under the policy.

1. The plaintiff alleges that the defendant had a duty to defend its insured and that its refusal to do so was an unfair act, G. L. c. 93A, § 2, which injured the plaintiff. Because we conclude that the defendant did not violate c. 93A, we pass over the issue whether the plaintiff may bring this action when he is not the purchaser of the insurance policy in question. G. L. c. 93A, § 9(1), as amended through St. 1979, c. 406, § 1. See *Gopen* v. *American Supply Co.,* 10 Mass. App. Ct. 342, 348 (1980). Where the primary coverage provision of an insurance policy does not require an insurer to pay a judgment against its insured, the insurer is under no duty to defend, see generally Note, The Insurer's Duty to Defend Under a Liability Insurance Policy, 114 U. Pa. L. Rev. 734 (1966), and the issue of whether a duty exists may be raised in numerous ways. See, e.g., *Jenkins* v. *General Acc. Fire & Life Assur. Corp.,* 349 Mass. 699 (1965) (insured's motion to implead insurer; see now Mass.R.Civ.P. 14(a), 365 Mass. 760 [1974]); *Muzichuk* v. *Liberty Mut. Ins. Co.,* 2 Mass. App. Ct. 266 (1974) (bill to reach and apply as provided for in G. L. c. 175, § 113, and G. L. c. 214, § 3[9]); *Motor Club of America Ins. Co.* v. *McCroskey,* 9 Mass. App. Ct. 185 (1980). Even assuming that the defendant's breach of a duty to defend could give rise to an action under G. L. c. 93A, § 9, the plaintiff must establish that the duty was owed to the insured. Based upon the undisputed material facts presented to him, the judge properly concluded that as matter of law the defendant breached no duty to its insured by refusing to defend in the negligence action brought by the plaintiff. 2. These same undisputed material facts also show that the defendant committed no act in violation of G. L. c. 176D, § 3(9)(b), (d), (e), and (f), and that as matter of law it breached no obligation it owed to the plaintiff. 3. Nor did the judge err in concluding that as matter of law the undisputed material facts disclosed nothing unconscionable or offensive to established public policy in the defendant's actions in relation to its insured or the plaintiff. *PMP Associates, Inc.* v. *Globe Newspaper Co.,* 366 Mass. 593, 596 (1975). Compare *Commonwealth* v. *DeCotis,* 366 Mass. 234, 242 (1974).

*Judgment affirmed.*

*Paul W. McDonough* for the plaintiff.
*Alice J. Klein* for the defendant.