[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS CT Page 1120
The plaintiff, Chase Manhattan Bank N.A. (hereinafter "plaintiff") filed a one-count complaint seeking a deficiency judgment against the defendant Robert Kahn, after a foreclosure proceeding on a ship was completed in the federal court.
The defendant filed an answer and counterclaim on August 27, 1990. In his counterclaim, the defendant alleges that the plaintiff did not exercise "reasonable judgment" in disposing of the collateral securing the debt. As a result of the plaintiff's actions, the defendant further alleges, he has suffered loss and the deficiency claimed in the plaintiff's complaint.
The defendant then filed a motion to dismiss the plaintiff's complaint on the ground that "46 U.S.C. § 911 et. seq. provides for exclusive federal admiralty court jurisdiction over this matter." Both parties filed memoranda of law and were heard.
A motion to dismiss tests the jurisdiction of the court. Practice Book 145.
The defendant argues that the federal admiralty court has exclusive jurisdiction of this action pursuant to the Ship Mortgage Act 46 U.S.C. § 951 and 954(a), citing NAT G. Harrison Overseas Corp. v. American Barge Sun Coaster,475 F.2d 504 (5th Cir. 1973) in support of this contention.
The admiralty jurisdiction of the federal court is exclusive under 28 U.S.C. § 1333 only as to actions brought in rem, "that is where the thing itself is treated as the offender and made the defendant by name or description in proceedings to enforce a lien." Reedsburg Bank v. Apollo,508 F.2d 995 (1975), quoting Magruda v. Superior Court,346 U.S. 556, 560-561, 74 S.Ct. 298, 301, 98 L.Ed 290 (1954). The state courts have concurrent jurisdiction to adjudicate maritime causes of action in proceedings `in personam,' that CT Page 1121 is where the defendant is a person, not a ship or some other instrument of navigation. Reedsburg Bank v. Apollo, 508 F.2d 995,999 (7th Cir. 1975). The Ship Mortgage Act, which was amended effective January 1, 1989, did not materially affect the allocation of the exclusivity of Federal Jurisdiction.[1]
Id. The Act confers jurisdiction upon federal courts over an action in personam in admiralty to obtain a deficiency judgment against the mortgagor, but leaves state courts with concurrent jurisdiction over such an action. (citations omitted). Id. (emphasis in original) "There is no suggestion anywhere in the Act that issues other than those necessarily arising in the foreclosure action and issues concerning the enforceability of other maritime liens are within the exclusive jurisdiction of the federal court or must be adjudicated in the foreclosure action." Id. (emphasis added).
The defendant's reliance of NAT G. Harrison Overseas Corp. v. American Barge Sun Coaster, supra, is misplaced as it stands only for the proposition that federal law must be applied to actions for deficiency judgments on preferred ship mortgages. Choice of law is irrelevant to this court's jurisdiction as state courts are competent to determine issues of maritime law, at least where the proceedings are in personam. See Reedsburg Bank v. Apollo, supra.
As state courts have concurrent jurisdiction with federal courts over actions seeking a deficiency judgment on a preferred ship mortgage, the defendant's motion to dismiss is denied.
TELLER, J.