Forte, J.
This is an action to recover for property damage to plaintiff Sharon Murray’s (“Murray”) motor vehicle which occurred while the vehicle was being operated with her permission by her brother, defendant J oseph Noone (“J oseph”).
Attorney Thomas Noone (“Thomas”), the father of both the plaintiff and the defendant, filed the complaint in this action for Murray, and filed an answer to such complaint for defendant Joseph Noone. At the time of the accident, Joseph Noone lived with his father and was a member of his father’s household. The answer included a third-party claim[1] against Liberty Mutual Insurance
Company (“Liberty”) for Liberty’s alleged failure to provide legal counsel to Joseph and to defend him in this action.
Liberty’s answer to Joseph’s third party complaint denied coverage for Joseph under his father’s motor vehicle insurance policy.
*25 Joseph subsequently retained new counsel who, during the discovery phase of this litigation, filed a motion to compel Liberty to pay him a retainer to defend Joseph against Murray’s claim. This motion was allowed and the amount of the retainer was even subsequently increased, but payment was eventually stayed upon the allowance of a motion by Liberty.
When the case was reached for trial, Murray’s complaint was dismissed with prejudice and without costs upon the written consent of all parties. The trial of the third-party complaint was limited to the issue of whether Liberty was liable under coverage C of Thomas’ insurance policy for Joseph’s legal expenses in defending against Murray’s claim. This issue was tried solely on the basis of the following stipulations of fact:
1. That the defendant [Joseph] is a resident of 196 Glenwood St., Malden, MA
2. That the plaintiff, Sharon Murray, was the owner of a 1984 Chevrolet Camaro, Massachusetts Registration number 958RMN on February 22, 1989.
3. On February 22, 1989, the defendant was using the above mentioned motor vehicle for personal use, with the permission of the plaintiff.
4. On February 22,1989, the defendant was operating the above mentioned motor vehicle on Corporation Way, a public way in the City of Malden.
5. While operating said vehicle on said Corporation Way, the motor vehicle struck a pothole that was filed [sic] with water, causing the defendant to loose [sic] control of the vehicle, and the vehicle to strike a pole and incur serious damage.
6. As a result of the accident, John’s Towing removed the vehicle.
ADDENDUM: Further stipulate that the relevant insurance policy is Mass. Combination Motor Vehicle Policy presently filed with the Court papers ID as Producer’s Copy stamped on policy.
Liberty filed a motion for a required finding and requests for rulings of law which were denied by the trial court. The court entered a general finding for Joseph against Liberty on the third-party complaint.
1. “Since the case was heard upon an agreed statement of facts which ‘was the only evidence introduced,’ it was in effect a case stated, and accordingly, the requests for rulings had no standing.” Antoun v. Commonwealth, 303 Mass. 80, 81 (1939). The only duty of the trial judge was to order the correct judgment on the agreed facts. Redden v. Ramsey, 309 Mass. 225, 227 (1941); Howland v. Stowe, 290 Mass. 142, 146 (1935).
2. The court’s finding for Joseph upon the parties’ case stated was error.
Joseph claimed that Liberty had a duty to defend him against the property damage claim filed by Murray because he was an “insured” under the motor vehicle insurance policy issued by Liberty to Thomas. Section IV of such policy, pertaining to “Use of Other Vehicles,” defines the term “insured” as follows:
IV Use of other motor vehicles:
(a) with respect to the insurance under coverages B and C, the unqualified word'insured’ includes (1) such named insured, spouse or relative of either if such spouse or relative is a resident of the named insured’s household, provided his actual operation... is with the permission of the owner and is within the scope of such permission....
*26 Therefore, Joseph, who is the son of the named insured, Thomas, who lived in Thomas’ household and who operated Murray’s vehicle with her permission, was an “insured” under the policy issued by Liberty.
Liberty’s duty to defend pursuant to such policy is set forth in Section II which provides as follows:
II. Defense, Settlement, Supplementary Payments. With respect to such insurance as is afforded by this policy under coverages B, C and division 1 of coverage A, the company shall:
(a) Have the right and duty to defend any suit against the insured seeking damages under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent, but the company may make such investigation and settlement of any claim or suit it deems expedient.
From this it would appear that Liberty had a duty to defend Joseph unless a policy exclusion negated such duty.
The “EXCLUSIONS” section of the policy includes the following:
This policy does not apply under Part I:
(15) under coverage C, to injury or destruction of ... (b) property rented to or in the care, custody or control of the insured other than a residence or a private garage injured or destroyed by a private passenger motor vehicle covered by this policy or (c) property as to which the insured is for any reason exercising physical control.
Murray’s vehicle was in the care and custody of the insured, Joseph, who was exercising physical control over the vehicle at the time it was damaged. Coverage for damage to Murray’s vehicle was thus excluded under the policy.
As Murray’s claim was for damages excluded from policy coverage, Liberty was not required to pay any judgment on Murray’s claim against Joseph. Where an “insurance policy does not require an insurer to pay a judgment against its insured, the insurer is under no duty to defend Higgenbottom v. Aetna Casualty & Surety Co., 12 Mass. App. Ct. 927, 928 (1981). As Liberty had no contractual duty to defend Joseph in this action, the court’s denial of Liberty’s motion for a required finding and its judgment for Joseph on the case stated constituted error.
Accordingly, the court’s judgment for Joseph Noone and its orders for Liberty to pay a retainer fee[2] are hereby vacated. Judgment is to be entered for Liberty Mutual Insurance Co.
So ordered.

though Joseph’s claim against Liberty was mislabeled as a “cross-claim,” Liberty’s motion to dismiss such claim on the grounds that Liberty was neither a plaintiff, nor a defendant, in this action was properly denied. Rule 8(f) of the Dist./ Mun. Cts. R. Civ. P. mandates that “all pleadings shall be ... construed so as to do substantial justice.”

Even if there had been insurance coverage and a duty to defend in this case, the judge had no authority to issue an interlocutory order for Liberty’s payment of a retainer.