57 F.3d 1065
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 William E. DANIELS; Norma F. Daniels; Alvin E. Vetter;
Anna V. Vetter, Appellants,
v.
RESOLUTION TRUST CORPORATION, as Receiver for Vista Federal
Savings Association, The Successor in interest to the
Resolution Trust Corporation as Conservator for Vista
Federal Savings Association, Plaintiff-Appellee,
DANIELS/HUNTINGTON LIMITED PARTNERSHIP, Defendant.
 No. 94-1259.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 3, 1995.
Decided: June 16, 1995.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis, III, District Judge. (CA-93-994-A)
 ARGUED: Anthony Wayne Hawks, Rust & Rust, P.C., Fairfax, VA, for Appellants. Ansu Nath Banerjee, Dickstein, Shapiro & Morin, L.L.P., Washington, DC, for Appellee. ON BRIEF: John H. Rust, Jr., Paulo E. Franco, Jr., Rust & Rust, P.C., Fairfax, VA, for Appellants. Kenneth M. Lyons, Daniel M. Litt, Dickstein, Shapiro & Morin, L.L.P., Washington, DC, for Appellee.
 OPINION
 PER CURIAM:
 
 
 1
 Appellants, William E. Daniels, Norma F. Daniels, Alvin E. Vetter, and Anna V. Vetter, appeal from an order of the United States District Court for the Eastern District of Virginia, denying their motion to intervene and motion to dismiss. For the reasons that follow, we affirm.
 
 I.
 
 2
 In March 1989, Daniels/Huntington Limited Partnership ("DHLP") executed a promissory note in favor of Vista Federal Savings Bank ("Vista") in the principal amount of $4,400,000 ("the Note"). Appellants were among those who executed guaranties of payment to Vista on the Note, in its original form and as modified in July 1991.
 
 
 3
 In April 1992, after DHLP had breached its obligations under the Note, the Resolution Trust Corporation as Conservator for Vista ("RTC/Vista") initiated a suit against the partnership in the Circuit Court for the County of Loudon. The action resulted in the entry of a confessed judgment against DHLP. J.A. at 184. However, because the Clerk of the Court failed to effect service of the confessed judgment upon the judgment debtor (DHLP) within the statutory period of sixty days, that confessed judgment was rendered void pursuant to Virginia Code, section 8.01-438.
 
 
 4
 Thereafter, the appellants, on behalf of all the guarantors, demanded that RTC/Vista file suit against DHLP in federal court. J.A. at 173-74. Under section 49-25 of the Virginia Code, a surety, guarantor, or endorser of any party bound by a contract may require the creditor, by notice in writing, to institute suit first against the principal debtor; if the creditor fails to do so within thirty days after such demand, the creditor forfeits his rights to a claim against the guarantor, Va.Code Sec. 49-26. The RTC complied with appellants' demand on July 30, 1993. On August 16, 1993, DHLP filed an Answer in which it admitted to liability, but demanded proof of the amounts owed.
 
 
 5
 A trial was scheduled for January 26, 1994. On November 17, 1993, appellants filed a motion to intervene as of right, Fed.R.Civ.P. 24(a)(2), or by permission of the court, Fed.R.Civ.P. 24(b), and a motion to dismiss. On December 17, 1993, the district court denied the motion to intervene and the motion to dismiss was denied as moot. The court subsequently denied appellants' motion to reconsider. This appeal followed.
 
 II.
 
 6
 To intervene as of right, an applicant must show that (i) he has "an interest relating to the property or transaction which is the subject of the action," (ii) "the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest," and (iii) that such interest is not "adequately represented by existing parties." Fed.R.Civ.P. 24(a)(2); see Newport News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders' Ass'n, 646 F.2d 117, 120 (4th Cir.1981). While appellants probably have an interest in the present action,[1] it is not clear that disposition of the action will impair that interest, as a practical matter, nor that their interest is inadequately represented by DHLP.
 
 
 7
 Appellants sought to intervene for only one reason: to assert, on behalf of DHLP, that the existence of the void confessed judgment barred the federal suit, unless RTC/Vista took some action in the state court to remove or vacate the void judgment.[2] As an initial matter, we doubt that a void state judgment could have any preclusive effect in federal court. However, we need not address the merits of appellants' defense because the void confessed judgment was removed from the judgment lien index in Loudon County, by order of the County Circuit Court. This occurred before the district court denied the motion to reconsider the denial of the intervention motion. Therefore, the basis underlying their intervention motion has been eliminated and the appellants cannot now show that the present action between RTC/Vista and DHLP may as a practical matter impair or impede the intervenors' ability to protect their interest.
 
 
 8
 In addition, to the degree that DHLP's decision to not raise the (perhaps meritless) defense was a tactical decision, appellants' disagreement with that strategy is not sufficient to show inadequate representation. See Stadin v. Union Elec. Co., 309 F.2d 912, 919 (8th Cir.1962) ("Mere difference of opinion among attorneys is not of itself inadequate representation.... If it were, intervention of right would become almost automatic."), cert. denied, 373 U.S. 915 (1963).
 
 
 9
 For these reasons, we cannot find that the district court abused its discretion in denying appellants' motion to intervene. See Gould v. Alleco, Inc., 883 F.2d 281, 284 (4th Cir.1989), cert. denied, 493 U.S. 1058 (1990). The district court likewise did not abuse its discretion in denying appellants' motion for permissive intervention and the motion to dismiss was properly denied as moot. The judgment of the district court is
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 But see Reedsburg Bank v. Apollo, 508 F.2d 995, 998-99 (7th Cir.1975) (finding guarantors had no significant protectable interest for purposes of intervention where claims of guarantors on notes secured by ship mortgage related solely to personal liability by personal guarantees given by them, and not by the ship mortgage or the foreclosure of the ship mortgage)
 
 
 [2]
 By asserting this defense and attempting to force dismissal of the federal action, Appellants hoped to benefit from Virginia Code, section 49-26, whereby a creditor forfeits its rights to a claim against the guarantor if the creditor fails to institute a suit against the principal debtor within 30 days after the guarantor has demanded that the creditor bring such a suit pursuant to Virginia Code, section 49-25