Kelly, J.
This case is an action in negligence resulting from a collision between the plaintiff, Lawrence Martinez, and the defendant Michael Curran. The plaintiff alleges that on December 6,1999, the defendant attempted to make an ilegal u-turn in front of the plaintiff, an on-duty Boston Polce Officer, who was riding his polce motorcycle. The plaintiff claims that the defendants negligent operation caused the plaintiff to make an emergency stop of his polce motorcycle, causing it to sldd out of control. The plaintiff sustained physical injuries to his back, shoulder, and rotator cuff. The plaintiff seeks recovery for these injuries, in addition to lost wages, pain and suffering, and attorney’s fees. The plaintiff’s wife, Andrea *27 Martínez, and two minor children Jessica and Lauren Martinez have asserted claims for loss of consortium.
Pursuant to G.L.c. 41, §100 and §111F, the City of Boston (hereafter “CityJ) reimbursed Officer Martinez the amount of $11,643.53 in lost wages and paid medical bills in the amount of $1,218.80. The plaintiff has filed this action to recover damages for lost overtime and detail pay. The City filed a Motion to Intervene which was denied by the trial judge on February 26, 2001. The City now brings this appeal before the Appellate Division.
A motion to intervene is subject to the sound discretion of the presiding judge; his or her decision would not be reversed unless it clearly appeared that there has been an abuse of such discretion. Haverhill v. Di Burro, 337 Mass. 230, 235, 236 (1958). When ruling on a motion to intervene, a court should “balance practical considerations” and “protect practical interests.” Crosby v. Dept. of Social Serv., 32 Mass. App. Ct. 392, 396, 397 (1992); Motorclub of America Ins. Co. v. McCroskey, 9 Mass. App. Ct. 185, 189 (1980).
G.L.c. 41, §100 and §111F provide for leave with pay for incapacitated police officers and indemnification of police officers for intentional or negligent injuries inflicted upon them.[2]
In its Motion to Intervene, the City claims that
The City has a direct substantial, significantly protectable interest in this litigation; the outcome of this litigation might unfavorably affect the City’s interests; and the representation of those interests by the existing parties is inadequate.
Pursuant to Mass. R. Civ. P., Rule 24(c), the City filed a Complaint setting forth the claim for which intervention is sought Neither the City’s Motion to Intervene nor its Complaint provide any specific reasons or make any showing why the outcome of this litigation might unfavorably affect the City’s interests or how the representation of those interests by the plaintiffs is inadequate.
Intervention of right is not required under Mass. R. Civ. R, 24(a), here. Neither G.L.c. 41, §100 nor §111F provide for intervention by the City. Neither of these two statutes provide for both the injured police officer and the city to enforce the liability of a person who caused the injury to the police officer. Repeatedly, throughout *28 these statutes, references are made to “the party bringing such action.” Surely, the legislature would have provided for intervention or joinder by the City if that was their intent to do so.
The City's Motion to Intervene and related Complaint consist primarily of boilerplate language and do not provide any specific reasons why disposition of the action without the City’s participation would impair or impede the City's interest The City’s interest in any recovery by the plaintiff is protected by G.L.c. 41, §100 and §111F which create a statutory lien providing that any sum recovered by the parties “shall be for (he benefit of the city... making such payment”
The City's reliance on Corbett v. Related Companies Northeast, Inc., 424 Mass. 714 (1997) is misplaced. In Corbett, the Supreme Judicial Court held that there is no statutory authorization for a city to challenge the allocation amounts payable to an injured firefighter and to the fire fighter’s spouse. The SJC recognized that while “the city has a direct and substantial interest in the fairness of the allocation of the settlement between Corbett (the firefighter) and his wife,... that alone does not give standing to the dty to appeal the judgment” Corbett dealt with the approval of a settlement between the tortfeasor and the firefighter and the firefighter’s spouse. Here, the city seeks to intervene in the actual controversy and participate in the prosecution of the plaintiffs’ claims, well in advance of any settlement offer. For the city to intervene in this type of action, at this preliminary stage, the city must meet the requirements for intervention under Mass. R Civ. E, Rule 24.
The record does not show that the City's objectives in the litigation differ from those of the plaintiffs nor that any of the plaintiffs’ interests are adverse to the interests of the City. It is clear that the City has not met its burden under Mass. R Civ. E, Rule 24, to demonstrate that the representation of the City’s interests by the plaintiffs is inadequate and that the City’s interests warrant intervention. As such, we find that the decision of the trial judge denying the City’s Motion to Intervene does not constitute an abuse of discretion.
Accordingly, for the reasons stated above, the appeal of the City is hereby dismissed.

 G.L.c. 41, §100 provides that where
the injury for which any payment is made under the provisions of this section by a city,... for reasonable hospital, medical charges... creating a legal liability in some person to pay damages in respect thereof, either the person so injured or the city ... making such payment may proceed to enforce the ¿ability of such person in any court of competent jurisdiction.
G.L.c. 41, §111F provides
either the person so injured or the city... paying such compensation may proceed to enforce the liability of such person in any court of competent jurisdiction. The sum recovered shall be for the benefit of the city,... paying such compensation, unless the sum is greater than the compensation paid to the person so injured, in which the excess shall be retained by or paid to the person so injured.... The parly bringing such action shall be entitled to any costs recovered by him. Any interest received in such action shall be apportioned between the city... and the person so injured in proportion to the amounts received by them respectively, inclusive of interest and costs.... (Emphasis added).