LOUIS GIULIANO & another[1] *vs.* GARY PIONTKOWSKI & others.[2] No. 02-P-1336. December 30, 2004. *Practice, Civil,* Intervention. *Corporation,* Stockholder, Transfer of shares.

The appellants,[3] prospective interveners, are minority shareholders in Plainville Racing Company, LLC (PRC), who seek to enforce a right of first refusal over the sale of shares to nonmembers of PRC. A judge of the Superior Court denied the appellants' motion to intervene in this litigation — made over thirty months after the plaintiffs' initial complaint and after the issuance of partial summary judgment — as untimely. We conclude that the judge's ruling was not an abuse of discretion, and affirm.

PRC's amended and restated operating agreement, dated November 6, 1998, provides for a right of first refusal, vested in the remaining members, if any member seeks to transfer its shares to an outside party.

The defendant Piontkowski is the majority shareholder of PRC. He holds at least some of his stock through the defendant Management Acquisition Corporation (MAC), of which he is the sole owner. As security for a lease between the plaintiff GTWO, LLC (GTWO), which the plaintiff Giuliano wholly controlled, and PRC, Giuliano insisted that Piontkowski pledge all of his stock in PRC with a separate option to purchase the stock. Piontkowski represented that he was the lawful owner of the stock and that there were no restrictions on its transfer. This arrangement is reflected in a stock purchase agreement dated December 9, 1998. After Giuliano learned that Piontkowski held his shares through MAC, the parties executed a second agreement on May 17, 1999. The same representations and conditions applied to the transfer of Piontkowski's MAC stock.

On June 16, 1999, Giuliano sent a notice of default on the lease to PRC's attorney; he sent a second notice on July 26, 1999, exercising his rights under the stock purchase agreements. By letter dated September 28, 1999, Giuliano informed Piontkowski of his intent to exercise his right, under the agreements, to purchase Piontkowski's interests in PRC and MAC, and designated a closing date of October 8, 1999. The letter stated that the purchase price would be prorated to reflect the fact that Piontkowski did not, as he had represented,

[1]GTWO, LLC.

[2]Plainville Racing Company, LLC; Management Acquisition Corporation; Russell Paige; Ourway Realty, LLC; George Chimento; Richard Tuch; and Alfred S. Ross.

[3]Fred Chanowski; Richard M. Hassler; Diane Isenberg, general partner of Isenberg Partners; Robert Gopen, general partner of Alles Partners; Gomer E. Kropa; Robert S. Truesdale; the Linsey Family Limited Partnership; and Richard Trembowicz.

own one hundred percent of PRC, either directly or through MAC. According to Giuliano, Piontkowski failed to appear on the scheduled closing date and failed to perform his obligations under the stock purchase agreements.

Giuliano filed a complaint, on November 12, 1999, against Piontkowski, PRC, and MAC, seeking (1) a declaration that the stock purchase agreements were valid and enforceable; (2) a declaration that Piontkowski was obligated to convey to Giuliano all of his stock interest in PRC and MAC for a price discounted to reflect Piontkowski's actual ownership of PRC; (3) specific performance of both agreements; and (4) a temporary restraining order and preliminary injunction against Piontkowski's transfer of his interests in PRC and MAC to any other party.

Along with their answer, the defendants filed numerous counterclaims against Giuliano, GTWO, and related parties, alleging a complex business fraud. As part of this extensive scheme, the defendants claimed that Giuliano induced Piontkowski to pledge his shares in PRC solely as security under the lease; that GTWO did not actually own the property that was the subject of the lease; and that the plaintiffs unfairly sought to enforce the stock purchase agreements. Giuliano responded by expanding his claims, in an amended complaint dated April 12, 2000, to include twenty counts related to the complicated business history between PRC and GTWO.[4] He added as defendants additional members of PRC, i.e., investors in Ourway Realty, LLC — a company that the PRC members allegedly formed for fraudulent and unfair business purposes. All eighteen members of PRC were stockholders in Ourway, although only three were identified in the amended complaint.[5]

The litigation came to a head when the various parties filed cross motions for partial summary judgment. The PRC-Ourway members — supported by affidavit — objected to the transfer of Piontkowski's PRC and MAC stock to Giuliano based upon their right of first refusal contained in the operating agreement. Nevertheless, on May 21, 2002, the judge, finding no ambiguity in the stock purchase agreements, allowed the plaintiffs' motion for summary judgment on counts I through V corresponding to Giuliano's original complaint of November, 1999. On August 12, 2002, the judge denied a motion for reconsideration, finding the initial decision warranted based solely upon the interpretation of documents and noting that issues related to fraud remained pending for trial. The judge also denied the motion of the PRC-Ourway members for an order pursuant to G. L. c. 231A, § 5, "that any transfer of stock in MAC or interest in PRC be subject to the Operating Agreement," stating that the question could not be reached until a jury determined "[w]ho owned what shares, of which company, at what time."

The appellants filed a motion to intervene as defendants on July 2, 2002, attaching an answer to counts I through V of Giuliano's amended complaint. The appellants claimed that they had no notice that their ownership rights in PRC, including the right of first refusal, were implicated until issuance of partial summary judgment. The appellants sought declarations (1) that Piont-

---

[4]We need not delve into that history, or the details of the convoluted and bitter litigation that ensued, for the purposes of deciding upon the appellants' motion to intervene.

[5]The defendants added were George Chimento, Richard Tuch, and Alfred S. Ross. Ross, we note, is the sole general partner of appellant Linsey Family Limited Partnership.

kowski did not offer for sale their ownership interests in PRC; (2) that he had no right to do so; (3) that the plaintiffs had no right to acquire such interests; and (4) that any right Giuliano had to purchase Piontkowski's stock in PRC and MAC is subject to their right of first refusal. The appellants also sought a judgment dismissing the counts for specific performance and breach of contract.

On August 5, 2002, the judge denied the motion as untimely under Mass.R. Civ.P. 24, 365 Mass. 769 (1974), stating: "There is a long history of interested issues between the parties with several hundred docket [entries] in the case and a hearing before the Racing Commission[.] The Non-Party PRC members knew or should have known of this litigation." The prospective interveners now appeal, claiming that this ruling was in error. Should we choose not to allow their motion, they propose that we direct that no orders implicating their stock interests in PRC be entered in the trial court.

The bulk of the motion to intervene can be disposed of on the ground that the plaintiffs' complaint does not assert any entitlement to purchase the appellants' shares of PRC but merely seeks enforcement of Piontkowski's contractual obligation to transfer his own interests in PRC and MAC. The demand for specific performance of the December, 1998, agreement — in which Piontkowski purportedly pledged to transfer all of PRC's stock — must be taken in context of Giuliano's overall plea for relief seeking the enforced sale of Piontkowski's actual holdings. Damages (including the proposed prorated discount on the purchase price) are an appropriate remedy for any misrepresentation by Piontkowski as to the extent of his ownership interests in PRC, and Giuliano's reliance thereon.

As to the right of first refusal, the motion judge could reasonably have concluded that over thirty months of intense litigation and discovery were adequate to inform the appellants (as members of PRC and Ourway) of the import of Giuliano's claims. Indeed, it appears, at least two of the appellants were deposed in the case; several others were served with copies of the amended complaint and the two stock purchase agreements. The appellants' bare assertion that, even if they were aware of the litigation, they could not have known that their rights might be at issue until entry of partial summary judgment, was properly rejected: a basic reading of the complaint, or the barest understanding of the case, would have informed them that plaintiff sought to enforce agreements to purchase Piontkowski's PRC and MAC stock — over which they claim refusal rights.

Moreover, there is strong reason to believe that the interests of the PRC members named as defendants and the nonparty members are aligned in this litigation, particularly as they have been represented by the same counsel. Having raised every issue that the appellants seek to assert if allowed to intervene, it is likely that the party members will fully represent their interests. The judge did not abuse her discretion in adhering to the rule that postjudgment interventions are rarely considered timely under Mass.R.Civ.P. 24. See *Peabody Fedn. of Teachers, Local 1289* v. *School Comm. of Peabody*, 28 Mass. App. Ct. 410, 413-414 (1990). See also *Motor Club of America Ins. Co.* v. *McCroskey*, 9 Mass. App. Ct. 185, 187-188 (1980). Cf. *Cruz Mgmt. Co.* v. *Thomas*, 417 Mass. 782, 785-786 (1994); *McDonnell* v. *Quirk*, 22 Mass. App. Ct. 126, 132-134 (1986); *Bolden* v. *O'Connor Café of Worcester, Inc.*, 50 Mass. App. Ct. 56, 61 (2000), in which the prospective parties could not have reasonably intervened in an earlier fashion.

Seeing no abuse of discretion, nor any reason, at this stage of the litigation, to issue any orders or instructions to the trial court, we affirm the order denying the appellants' motion to intervene.

*So ordered.*

*Kathleen M. Genova* for Fred Chanowski & others.
*Brian LaPlante,* for the plaintiffs, submitted a brief.