MORRIS v. SMALL et al.

(Circuit Court, D. Massachusetts.   January 24, 1908.)

No. 364.

BANKRUPTCY—SUIT BY TRUSTEE TO RECOVER PREFERENCE—DEFENSES.

The decree of the Massachusetts land court, granting registration of title to land under Mass. Rev. Laws, c. 128, does not bar a suit in equity by a trustee in bankruptcy to enforce a reconveyance of the land, alleged to have been conveyed by the bankrupt as a preference, against a defendant who was not a bona fide purchaser in good faith in reliance on the registered title.

In Equity.   On plea.

J. C. Johnston, for complainant.

Dana B. Gove & Sons, for defendants George B. D. Small and Effie Small.

LOWELL, Circuit Judge.   This is a bill in equity brought by Morris, trustee in bankruptcy of Floyd, seeking a conveyance of land from Small and Ring.   The bill alleges that, within four months before his bankruptcy, Floyd mortgaged the real estate in question to Small; that no present value was paid by Small for the conveyance, and that the consideration therefor was an unsecured debt from Floyd to Small; that Floyd was then insolvent; that Small had cause to believe that he was insolvent, and that the conveyance constituted a preference within the purview of the bankrupt act, and was in fraud of creditors; that after bankruptcy, and without consideration, Small conveyed his rights to Hagar, who foreclosed under the power of sale contained in the mortgage, and bought in the title in Small's behalf; that Hagar thereafter conveyed to Ring, who paid a part of the price in good faith; that Small brought a bill in equity against Hagar and Ring, and that a decree was entered therein directing Ring to reconvey to Small upon an accounting.   The bill before this court prays that Small be decreed to hold the premises in trust for Morris, and to convey them to the latter.   To this bill Small pleaded in bar that his title was derived from Hagar, in whose favor the land court of Massachusetts had rendered a decree declaring Hagar entitled to the real estate.   The plea further alleged that Morris had "due and sufficient notice of the proceedings in said land court," as would appear from that court's record.   Upon this hearing the court has to determine the sufficiency of the plea.

The defendant Small contended in argument that Morris' rights,

whatever they may have been, are barred by the decree of the land court rendered according to the statute establishing registration of title in land. Mass. Rev. Laws, c. 128. But that act was not intended to cut off rights like those which the trustee here seeks to enforce. By section 1, the proceedings thereunder are declared to be proceedings in rem, while this bill in equity is a suit in personam. It does not directly affect the title to the land, but seeks to compel a conveyance from the holder of the legal title. Section 54 of the land registration act provides that, "In all cases of registration which are procured by fraud, the owner may pursue all his legal and equitable remedies against the parties to such fraud, without prejudice however to the rights of any innocent holder for value of a certificate of title." This is what the complainant is doing here. Section 69 provides that registration shall not avail to relieve the land from "liability to be recovered by an assignee in insolvency under the provisions of law relative to preferences." While this language does not expressly protect the rights of a trustee in bankruptcy, yet it can hardly operate to bar him by way of the maxim "expressio unius est exclusio alterius." Perhaps the trustee's rights are preserved by section 38, cl. 1. Again, section 67 provides that "whoever claims an interest in registered land by reason of any implied or constructive trust shall file for registration with the assistant recorder a statement thereof which shall contain a description of the land, and a reference to the number of the certificate of title and the volume and page of the registration book in which it is entered. Such claim shall not affect the title of a purchaser for value and in good faith before its registration." Here, Small holds the certificate of title to the land in question, and is not its purchaser for value and in good faith. The trustee claims an interest therein by reason of an implied trust arising out of the bankrupt act. This interest is not barred by the land registration act. All the provisions just mentioned, when taken together, indicate plainly that the Legislature did not intend to cut off rights like those of the trustee here in controversy. His appropriate remedy was by bill in equity. Lowell on Bankruptcy, 96.

Small urged that the failure of Morris to act upon the notice of the proceedings which he received proves that he slumbered on his rights, and so that he is barred from maintaining his bill in equity. But this construction of the plea is not warranted by its language. The due notice of the proceedings which was received by Morris may have been given him before he found that he had rights in the land, and he may have brought this bill as soon as possible after his discovery of these rights. At the argument this was alleged to have been the fact. The plea in bar must be overruled.