JAMES P. STEELE vs. F. W. ESTABROOK & others.

Middlesex.   May 17, 1920. — June 24, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Mortgage,* Of real estate.  *Attorney at Law.   Notice.   Bona Fide Purchaser.*
*Equity Pleading and Practice,* Appeal.

While a bill in equity, by one member of an alleged partnership against a second
member and others, in association with whom it was alleged that the first de-
fendant had wrongfully used partnership property, was pending, no notice of
*lis pendens* having been filed, the plaintiff gave a mortgage of his interest in
certain real estate, which was partnership property and was described in the bill
in equity as such, to his counsel in the suit to secure the payment of a note for
$5,000, given by him to his counsel for services rendered and to be rendered in the
suit.   Later a final decree was entered directing the plaintiff to convey his interest
in the partnership property to the defendant partner upon payment by him of a
certain sum, and thereafter by a "supplemental bill" the defendants sought a
discharge of the mortgage.  *Held,* that

(1) As counsel for the plaintiff, the mortgagee had actual notice of the pend-
ency of the proceedings;

(2) The mortgage was not valid against the defendants;

(3) A decree should be entered directing the discharge of the mortgage.

A judge, who heard the "supplemental bill" above described, after the mortgagee
had appeared and had filed an answer, reported the case to this court for deter-
mination of the correctness of his ruling ordering a decree directing the discharge
of the mortgage.   It did not appear from the report that the value of the mort-
gagee's services as counsel was determined.   The mortgagee contended that
the decree should provide for the payment to him, instead of to the plaintiff,
of a sum which the final decree in the main suit had directed to be paid by the
defendants to the plaintiff.  *Held,* that, under the circumstances, such a pro-
vision should not be included in the decree.

No appeal lies from an interlocutory order for a decree.

BILL IN EQUITY, filed in the Superior Court on March 5, 1914, by
James P. Steele against Fred W. Estabrook, John W. Estabrook,
Hervey W. Estabrook, the Marlborough Grain Company and the
Peoples National Bank, praying for an accounting between the
plaintiff and all the defendants except the defendant bank as to
all the property and assets of a partnership between the plaintiff
and the defendant Hervey W. Estabrook, including the land, ele-
vator sheds, personal property, good will, horses, wagons, grain and
accounts receivable and all matters and things connected with such

partnership at the time when and after its property and business were assumed and taken over by the defendant Marlborough Grain Company and the three individual defendants.

The suit was referred to a master. In July, 1916, the plaintiff gave to his counsel the mortgage described in the opinion. A final decree was entered on May 3, 1918, ordering the plaintiff, upon payment to him by the defendants Hervey W. Estabrook and the Marlborough Grain Company of $714.35 with interest and costs of suit, to convey to the defendant Hervey W. Estabrook his interest in the assets of the partnership, including the real estate described in the opinion. From this decree the plaintiff appealed. The appeal was heard in this court in November, 1918, and on March 6, 1919, a decision was rendered which is reported in 232 Mass. 432.

On June 4, 1919, the defendants Fred W. Estabrook, John W. Estabrook, Hervey W. Estabrook and the Marlborough Grain Company, filed the "supplemental bill" described in the opinion, praying that John J. Shaughnessy and Daniel W. Steele, the plaintiff's counsel to whom he had given the mortgage described in the opinion, be summoned as parties and that the mortgage be discharged so that the plaintiff could make a conveyance of a clear title. Mr. Shaughnessy and Mr. Daniel W. Steele appeared and filed answers. The "supplemental bill" and a motion for a final decree after rescript were heard by *Hammond,* J. Material facts found by him are described in the opinion. He ordered a decree directing the discharge of the mortgage and the entry of a final decree in accordance with the rescript. The mortgagees appealed. The judge then reported the case upon the "supplemental bill" so called, the answer, the replication, the above findings of fact, the decree entered thereon and the appeals therefrom, and the order for a final decree as above set forth, for determination by the full court.

*J. M. Maloney,* for the mortgagees.

*R. H. Beaudreau & A. P. Worthen,* for the Marlborough Grain Company.

CARROLL, J. In *Steele* v. *Estabrook,* 232 Mass. 432, the plaintiff was directed to convey his interest in certain real estate, described in his bill of complaint, to the defendant Hervey W. Estabrook. The rescript was filed on March 6, 1919. After the

bill had been entered and while the suit was pending, the plaintiff, James P. Steele, in July, 1916, executed and delivered to John J. Shaughnessy and Daniel W. Steele, a mortgage of this real estate, to secure the payment of a demand note for the sum of $5,000 given them for their services already performed and to be performed as counsel in the case. There was no notice of *lis pendens* on file in the registry of deeds at the time the mortgage was recorded. The defendants, on June 14, 1919, filed a supplemental bill, so called, alleging that the mortgage was given and praying that the mortgagees Shaughnessy and Steele be ordered to discharge the same. The case came on to be heard upon the supplemental bill, the answer of the plaintiff and his attorneys, the replication, and the motion of the defendants for a final decree. The judge of the Superior Court did not pass on the value of the services of the mortgagees, but ruled that the mortgage was invalid against the defendants, and entered a decree directing Shaughnessy and Steele to discharge the mortgage on the records in the registry of deeds within ten days of the date of the entry of the decree. The mortgagees appealed. Thereafter it was ordered that a final decree be entered in accordance with the rescript from the Supreme Judicial Court, directing John W. Estabrook, Fred W. Estabrook, Hervey W. Estabrook and the Marlborough Grain Company to pay James P. Steele, the plaintiff, the sum of $714.35 with interest and costs, and thereupon the plaintiff was to transfer his interest in the real estate to the defendant, Hervey W. Estabrook, free from any incumbrances made by the plaintiff Steele during the pendency of the proceedings. At the request of the parties the case was reported to the Supreme Judicial Court upon the supplemental bill, so called, the answer, replication, findings of fact, decree and appeals therefrom, and the order for a final decree after rescript.

The mortgagees acquired the plaintiff's title while the suit was pending, and the interest of the plaintiff in this real estate was involved in the suit. *Steele* v. *Estabrook, supra,* page 442. The doctrine of *lis pendens* as generally understood follows from the principle that the court has control over the subject matter of the litigation, while the suit or action is pending; "he, who purchases during the pendency of the suit, is bound by the decree, that may be made against the person, from whom he derives title. The liti-

gating parties are exempted from the necessity of taking any notice of a title, so acquired. As to them, it is as if no such title existed. Otherwise, suits would be indeterminable: or, which would be the same in effect, it would be in the pleasure of one party, at what period the suit should be determined." *Bishop of Winchester* v. *Paine*, 11 Ves. 194, 197. *Long* v. *Richards*, 170 Mass. 120.

Under R. L. c. 134, § 12, with exceptions not now material, proceedings at law or equity, affecting the title to real estate, are not effective except against the parties thereto, their heirs and devisees and persons having actual notice thereof, until a memorandum of the proceedings is recorded in the registry of deeds. No notice of the pending suit, as required by the statute, was recorded in the registry of deeds; but the mortgagees were the plaintiff's counsel, the bill in equity was filed in March, 1914, and the real estate was conveyed to them in July, 1916. This property was described in the first paragraph of the plaintiff's bill; in the second prayer for relief he asked that an account be taken on the ground that the defendants had wrongfully appropriated this particular real estate, and that the defendants be ordered to pay him for the value of his interest in the property, on the ground stated. See *Steele* v. *Estabrook, supra,* page 442. The mortgagees were acting as counsel for the plaintiff when the conveyance was made. It is clear that as such they had actual notice of the proceedings and that the plaintiff's title to the real estate in question was involved in the suit within the meaning of R. L. c. 134, § 12. See *Wenz* v. *Pastene,* 209 Mass. 359; *Hughes* v. *Williams,* 218 Mass. 448, 451. The mortgage, therefore, was not valid against the defendants.

The mortgagees contend that, even if they cannot claim title to the real estate under their mortgage, the proposed decree should be modified so that the money payable to their client, the plaintiff, should be ordered to be paid to them. The report of the case does not show that the question of the validity of the mortgage between the parties to the instrument was passed upon, and it does not appear that the value of the mortgagee's services was determined. Under these circumstances the decree as ordered should not be modified. The decree entered upon the supplemental bill ordering the mortgagees to discharge the mortgage, and the order for the final decree, are affirmed.

The appeal of John J. Shaughnessy and Daniel W. Steele from the decree in the so called supplemental bill is dismissed.

*So ordered.*