STATE STREET BANK AND TRUST COMPANY & another,
trustees, *vs.* RAYMOND E. BEALE.

Plymouth.   May 3, 1967. — July 5, 1967.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Real Property,* Registered land: constructive trust, review of decree of
registration.   *Trust,* Constructive trust.   *Equity Jurisdiction,* Construc-
tive trust.

A bill in equity in the Land Court alleging that the defendant by fraud
perpetrated on that court had procured therein registration in his name
of a parcel of land belonging to the plaintiffs, and seeking, not to chal-
lenge the decree of registration but rather, recognizing that legal title
to the parcel was in the defendant, to impose a constructive trust in the
plaintiffs' favor thereon was not in the nature of or to be treated as a
petition for review of the registration decree under G. L. c. 185, § 45,
and was not barred by the fact that it was not brought until more than
one year after that decree.

BILL IN EQUITY filed in the Land Court on March 20, 1962.

An interlocutory decree sustaining a demurrer to the bill
and a final decree dismissing the bill were entered by
*Hettrick, J.*   The plaintiffs appealed from both decrees.

*Gael Mahony* (*William L. Payson, Walter N. Kernan,
Richard S. Chute, & Joseph D. Steinfield* with him) for the
plaintiffs.

*Henry S. Levin* (*B. Robert Levin* with him) for the
defendant.

SPALDING, J.   The objective of this bill in equity, brought
in the Land Court, is to impose a constructive trust in favor
of the plaintiffs on a parcel of land in Rockland (the locus)
which, it is alleged, the defendant fraudulently caused to be
registered in his name.

The averments of the bill may be summarized as follows:
The plaintiffs were the owners of the locus, a twenty-five
acre parcel of woodland.   The defendant, knowing of their
ownership, or claim of ownership, petitioned the Land
Court for a decree of registration, and fraudulently repre-

sented that he did not know of any other persons having an estate or interest in the locus. Consequently, the plaintiffs did not receive the notice by registered mail afforded a party in interest in a registration proceeding. The only notice given was one by newspaper publication of which the plaintiffs had no knowledge. The title examiner appointed by the court reported that the defendant did not have a record title proper for registration. The defendant thereupon filed two false affidavits in support of a claim that he and predecessors in interest had acquired title by adverse possession. One affidavit, by the chief assessor of Rockland, asserted that the defendant's predecessors in interest had been assessed for the locus (twenty-five acres) for many years, although the assessors' records show that for most of that time the defendant's predecessors had been assessed for five acres. The affiant, who was familiar with the actual facts, made the affidavit either with intent to defraud the Land Court or with such wilful disregard of the facts as to be tantamount to fraud. The other affidavit recited certain information concerning the ownership, and use of the locus, of which the affiant, in fact, either had no knowledge or knew to be false. The defendant knew of the falsity of this affidavit and filed it with the intention of deceiving the court. In reliance on these affidavits, the Land Court, on October 31, 1960, entered a decree registering the locus in the defendant's name.

The present bill was brought on March 20, 1962. The defendant demurred. The basis of the demurrer was that the bill was not brought within one year of the decree of registration in accordance with the provisions of G. L. c. 185, § 45.[1] The provisions of § 45 relied on are those which provide that a decree of confirmation and registration "shall be conclusive upon and against all persons . . . [and] shall not be opened by reason of the absence, infancy or other disability of any person affected thereby, nor by any proceeding at law or in equity for reversing judgments

---

[1] This was the sole ground of the demurrer and we shall confine our discussion to this issue.

or decrees; subject, however, to the right of any person deprived of land, or of any estate or interest therein, by a decree of registration obtained by fraud to file a petition for review within one year after the entry of the decree, provided no innocent purchaser for value has acquired an interest."

The judge rendered a decision in which he ruled that the plaintiffs' bill was "in the nature of a petition for review under c. 185, § 45, and that the plaintiffs have not complied with the statutory provision that a petition for review be filed within one year after the entry of the decree of registration." The judge further ruled "that the Land Court has no jurisdiction [in equity] to award damages for fraud in procuring the decree." An interlocutory decree sustaining the defendant's demurrer and a final decree dismissing the plaintiffs' bill were entered. The plaintiffs appealed.

It is well settled that a traditional remedy for a person who has been deprived of land through fraud is specific restitution. "A person who has tortiously acquired or retained a title to land . . . is under a duty of restitution to the person entitled thereto." Restatement: Restitution, § 130. The duty to make such restitution is often enforced by imposing a constructive trust. In *Barry* v. *Covich*, 332 Mass. 338, at p. 342, we said, "A constructive trust may be said to be a device employed in equity, in the absence of any intention of the parties to create a trust, in order to avoid the unjust enrichment of one party at the expense of the other where the legal title to the property was obtained by fraud . . . ." See Restatement: Restitution, § 160.

The bill prays that the defendant "be ordered to convey . . . [the locus] to [the] Plaintiffs . . . by a good and sufficient deed such as to entitle the Grantees to a certificate of title . . . [and for] such other . . . relief as shall . . . seem meet and proper." The bill does not directly challenge the registration decree; the plaintiffs do not ask that the decree be declared void and the locus removed from the registration system. Rather they acknowledge that the legal title is now vested in the defendant and claim title by

means of a constructive trust. The question, then, is whether a bill to impose a constructive trust on registered land may properly be treated as a "petition for review" of the registration decree, and thus, pursuant to G. L. c. 185, § 45, must be brought within one year of that decree. We are of opinion that it may not be so treated.

Several other provisions of G. L. c. 185 (the land registration statute) are relevant. Section 45, upon part of which the defendant's demurrer was based, also provides in part that "any person aggrieved by such decree [of registration] in any case may pursue his remedy in tort against the petitioner or against any other person for fraud in procuring the decree." Section 62, which deals with the presentation of the owner's duplicate certificate upon the transfer of registered land, provides in part: "In all cases of registration procured by fraud, the owner may pursue all his legal and equitable remedies against the parties to such fraud . . . ." And § 75 explicitly recognizes that registered land may be held subject to a constructive trust.[1] Thus in three sections of the land registration statute, including the very section upon which the defendant relies, it appears that the remedies of a person deprived of land by fraud are preserved. Nor is there any indication that the remedy of restitution is excluded. As noted, § 75 specifically refers to constructive trusts. Section 62 refers to "legal and equitable remedies."

If "petition for review," as used in § 45, were so broadly construed as to include a bill for the imposition of a constructive trust, the above enumerated provisions which appear to preserve that remedy would be severely weakened. Unless the defrauded person discovered the fraud and filed his bill within a year, a valuable — and often the most valuable — remedy would be unavailable.

---

[1] Section 75 provides: "Whoever claims an interest in registered land by reason of any implied or constructive trust shall file for registration with the assistant recorder a statement thereof containing a description of the land, and a reference to the number of the certificate of title and the volume and page of the registration book in which it is entered. Such claim shall not affect the title of a purchaser for value and in good faith before its registration."

We do not think that the purpose of G. L. c. 185 was to reduce the availability of the traditional remedy of restitution. The purpose of land registration is to provide a means by which title to land may be readily and reliably ascertained. See *Malaguti* v. *Rosen,* 262 Mass. 555, 567–568; *Deacy* v. *Berberian,* 344 Mass. 321, 328. But these benefits of the registration system are intended primarily for those who act in good faith. It is not a purpose of the system to afford those who deal with registered land in bad faith any greater protection than they would have in similar dealings with unregistered land. See *Killam* v. *March,* 316 Mass. 646, 650–651.

We hold that a "petition for review," as used in § 45, does not include a proceeding which seeks to impose a constructive trust, as distinct from one brought to alter or set aside a registration decree.[2] The distinction between an attack upon a decree and a suit in equity to avoid the consequences thereof has been recognized. *Currier* v. *Esty,* 110 Mass. 536, 544. See *Morris* v. *Small,* 160 Fed. 142 (D. Mass.); Restatement: Judgments, § 112f and § 114a. Since the remedy of restitution operates only against the person who has committed the fraud, our holding does not run counter to the land registration act's purpose of furnishing good faith purchasers with a ready and reliable means of ascertaining title to land.

> *Interlocutory decree reversed.*
> *Final decree reversed with costs*
> *of appeal.*

---

[2] *Wareham Sav. Bank* v. *Partridge,* 317 Mass. 83, does not avail the defendant. There it was assumed, without decision, that a bill for reformation of a mortgage and of the certificate of title to the mortgaged land could be treated as a petition for review under § 45.