NORMA L. McDONNELL *vs.* ROBERT D. QUIRK.[1]

Middlesex. February 12, 1986. — April 23, 1986.

Present: PERRETTA, CUTTER, & KASS, JJ.

*Probate Court*, Jurisdiction. *Jurisdiction*, Probate Court. *Real Property*, Registered land: review of judgment of registration; Bona fide purchaser; Purchase and sale agreement. *Bona Fide Purchaser*. *Contract*, Sale of real estate. *Lis Pendens*. *Practice, Civil*, Parties, Lis pendens notice.

A bona fide purchaser of a parcel of registered land, on entering into a purchase and sale agreement with the original registrant at a time when the land was still in the hands of the registrant or his nominee, thereby acquired an interest in the land sufficient to render the registered title immune from attack in an action against the registrant by his sister. [129-131]

A bona fide purchaser of a parcel of registered land from a nominee of the original registrant was entitled to intervene in an action between the original registrant and his sister after the entry of a judgment purporting to undo the judgment of registration, where no earlier events would have placed the purchaser on notice that the action involved an attack on the registered title. [132-133]

The fact that a purchaser of a parcel of registered land accepted a deed to the land after the recording of a notice of lis pendens did not, in the circumstances, preclude the purchaser from intervening in the pending litigation in order to protect its position. [133]

CIVIL ACTION commenced in the Middlesex Division of the Probate and Family Court Department on February 29, 1984.

The case was heard by *William Highgas, Jr.*, J.

*Gary R. Greenberg* (*Stephanie Pax Flanigan* with him) for Ridgewood Construction Co., Inc., intervener.

*Richard B. Michaud* (*Ann M. Weinthal* with him) for the defendant.

---

[1] The appellant in this case is Ridgewood Construction Co., Inc., the party which attempted to intervene below.

KASS, J. We conclude that a judge of the Probate Court erred in entering a judgment which purported to undo a Land Court decree of registration after a third party had acquired an interest in the locus. The judgment must be vacated.[2]

The immediately relevant facts are undisputed. Upon a petition for registration of title dated June 22, 1973, the Land Court decreed on May 17, 1982, that a parcel of land off Willis Road in Sudbury stood in the name of Robert D. Quirk. Norma L. McDonnell, Quirk's sister, timely received statutory notice of the registration proceeding.

Twenty-one months after the judgment of registration, on February 29, 1984, McDonnell filed an action against Quirk and nine other defendants styled "Complaint for an Accounting and Injunction." The general grievance asserted by McDonnell was that Quirk had for fifteen years been dealing with land in which McDonnell had an undivided interest as sole legatee of their mother; that the various defendants held assets as constructive trustees for her; and should be made to account for, and pay, "all amounts due her." Concerning the locus, the complaint said that title to it was held by Burton L. Schafer, trustee of Newark Realty Trust, of which Quirk was "the" beneficiary; that "title was obtained through the Land Court on a claim of adverse possession . . ."; and that " [i]n order to prevail Robert Quirk used the adverse possession of himself and the late [mother]. The plaintiff is unable to determine her interest in this land without an accounting from the defendants." The

_____

[2] There is a further difficulty with the judgment entered on the Probate Court docket. The complaint makes multiple claims; the judgment disposes of only one of them. The judge made no determination, supported by reasons, that there was no just reason for delay in entry of judgment as to this particular party and claim. See Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974); *J.B.L. Constr. Co.* v. *Lincoln Homes Corp.*, 9 Mass. App. Ct. 250, 252-253 (1980); *Bank of Boston* v. *Haufler*, 20 Mass. App. Ct. 668, 675 (1985). The interest of Ridgewood Construction Co., Inc., and the issues which it raises are, however, properly brought before us by Ridgewood's appeal from the denial of its motion to intervene after entry of judgment. See *Attorney Gen.* v. *Brockton Agricultural Soc.*, 390 Mass. 431, 433 (1983); *Mayflower Dev. Corp.* v. *Dennis*, 11 Mass. App. Ct. 630, 634-635 (1981); *Butts* v. *Zoning Bd. of Appeals of Falmouth*, 18 Mass. App. Ct. 249, 250 (1984).

prayers for relief contained no claim to title, but to amounts of money due McDonnell from "her interests in the property." Simultaneously with the filing of the action, McDonnell's lawyer filed a notice of lis pendens with the Middlesex South Registry District. See G. L. c. 184, § 15, and G. L. c. 185, § 86.

In the meantime there had been activity regarding the locus. At a date somewhat obscure on the record, but well prior to the initiation of McDonnell's action, Quirk conveyed the locus to Newark Realty Trust (Newark), of which Quirk is the sole beneficiary. Some time in November or December, 1982, Quirk entered into an agreement to sell the land to Ridgewood Construction Co., Inc. (Ridgewood), and, pursuant to that agreement, Ridgewood paid a $25,000 deposit to Quirk. Newark granted an easement over the locus in favor of Boston Edison Company and New England Telephone & Telegraph Company by instrument dated July 27, 1983.

On or about March 7, 1984, i.e., a week *after* the lis pendens had been filed, Newark delivered a deed of the locus to Ridgewood for a stated consideration of $625,000. Quirk, in support of a motion for summary judgment and a motion to cancel the lis pendens, filed an affidavit contesting McDonnell's interest and adverting to the decree of registration in his favor. Ridgewood made no move to intervene, apparently content that Quirk was fighting the good fight. Indeed, as McDonnell's complaint did not appear to relate to Quirk's or Newark's title, but rather an accounting of proceeds earned from the locus, Ridgewood could be forgiven for electing to sit on the sideline — without legal expense — while Quirk slugged it out with his sister.

Within a year, however, Quirk and Ridgewood had a falling out, and Quirk and McDonnell found it expedient to go in league against the common enemy. Newark, to which Quirk concededly dictated instructions, and McDonnell entered into an agreement for judgment (see Mass.R.Civ.P. 58[a], as amended, 371 Mass. 908 [1977]) on January 22, 1985, that: (1) title to the locus belonged to McDonnell and Quirk, as tenants in common; (2) the trustee of Newark was to convey

the locus to McDonnell and Quirk; and (3) any conveyance of the locus by Newark after February 29, 1984 (the date on which McDonnell had registered the notice of lis pendens), was void. An "equity judgment" in accordance with the agreement for judgment was entered on February 22, 1985. Now Ridgewood — on March 1, 1985 — moved to intervene. That motion was denied.

1. *Jurisdiction of Probate Court to set aside Newark's and Ridgewood's title.* General Laws c. 185, § 45, states in powerful and unqualified terms the conclusive nature of a judgment of registration. It provides that the judgment "shall be conclusive upon and against all persons . . . . Such judgment shall not be opened . . . by any proceeding at law or in equity . . .; subject, however, to the right of any person deprived of land, or of any estate or interest therein, by a judgment of registration obtained by fraud to file a complaint for review within one year after the entry of judgment, provided no innocent purchaser for value has acquired an interest." As well as any in G. L. c. 185, this language gives voice to the statutory purpose of erecting a structure, i.e., the land registration system, which establishes indefeasible titles and thereby removes much of the uncertainty and expense which often attends searching and evaluating a title. The finality and unassailability of registered titles is a cornerstone of the registered land system. See *Tyler* v. *Court of Registration,* 175 Mass. 71, 72-74 (1900). See also *State Street Bank & Trust Co.* v. *Beale,* 353 Mass. 103, 107 (1967); *Kozdras* v. *Land/Vest Properties, Inc.,* 382 Mass. 34, 43-45, and at 54 (Quirico, J., dissenting) (1980); *Triangle Center, Inc.* v. *Department of Pub. Works,* 386 Mass. 858, 866 (1982).

While still in the hands of the original registrant, a registered title is not immune to attack on the ground that the judgment of registration was procured by fraud. *State St. Bank & Trust Co.* v. *Beale,* 353 Mass. at 106-107. Fraud sufficient to reopen the status of the registered title in the hands of the original registrant may include constructive fraud, i.e., registration secured upon statements contrary to fact, which were susceptible of accurate knowledge, and which were recklessly made by

the registrant. *Kozdras* v. *Land/Vest Properties, Inc.*, 382 Mass. at 41-43. In both the *State St. Bank & Trust Co.* and *Kozdras* cases, the remedy operated against the registrant who perpetrated the fraud. The court emphasized in *Kozdras*, at 45, that there were no bona fide purchasers of the registered land and no evidence of any change in position by the registrant.

Precisely in that regard (although not the only one), the instant case stands on a different footing. The original registrant had changed position, and a bona fide purchaser had acquired an interest in the registered property by reason of the purchase and sale agreement between Ridgewood and Newark.[3] Before the commencement of the action Ridgewood had entered into a purchase and sale agreement with the original registrant and had paid a $25,000 deposit. In Massachusetts a purchaser of real estate during the period between contract and delivery of the deed has a lesser position than in many jurisdictions, i.e., the seller retains possession, rents, and profits and, reciprocally, bears the risk of ownership in case of loss. See *Laurin* v. *DeCarolis Constr. Co.*, 372 Mass. 688, 691 (1977). Nonetheless, a purchase and sale agreement bestows a significant interest upon the buyer. The buyer has a contract right which makes the vendor's title subject to an equitable obligation to convey. *Ibid.*

As a practical matter, a purchaser may be far from idle during the interval between contract and conveyance. It is a period in which, for example, to check title, secure financing, make soil tests, obtain land use clearances, and draw preliminary architectural and engineering plans. The time and substance involved may be considerable; the willingness to expend them by a purchaser under agreement may be influenced by the

---

[3] We do not consider the conveyance by Quirk to Newark as having any bearing on the case. So far as appears, Newark is a nominee trust, of which Quirk is the sole beneficiary. It is not disputed that the trustee of Newark acted under Quirk's direction. We attach no particular weight to the delivery of a deed to Ridgewood after notice of McDonnell's action had been registered. Ridgewood would be bound by a *valid* attack on Newark's title. See *Steele* v. *Estabrook*, 236 Mass. 252 (1920).

relative[4] soundness of the vendor's title. A registered title significantly narrows the area of uncertainty at the time of agreement.

We are of opinion that a bona fide purchaser[5] under a contract for the sale of real estate acquires an interest sufficient to place the registered title of a vendor beyond an attack upon the judgment of registration. A claimant to a pre-registration interest in land is not left without a remedy, but that remedy is an action against the registrant for an appropriate share of the sale proceeds of the real estate. Were the rule otherwise, a seller who desired to avoid performance of a sale contract involving registered land could participate in a collusive suit in which he acceded to the impairment of his own title. Among the attributes of the registration system is that it forecloses that particular species of chicanery.

McDonnell may or may not have some interest in the locus.[6] That interest may not, however, be vindicated against a registered title in which a third party has acquired an interest. It was beyond the power of the Probate Court judge to enter a judgment that " [t]itle to [the locus] belongs to Norma L. McDonnell . . . and Robert D. Quirk . . . as [t]enants [i]n [c]ommon." Indeed, as we have previously indicated, McDonnell's complaint did not appear to constitute an assault on Quirk's title as such. Her complaint makes no allegation of fraud incident to the registration proceedings, the vital ingredient for an attack on the judgment of registration under G. L. c. 185, § 45. *State St. Bank & Trust Co.* v. *Beale*, 353 Mass. 103 (1967). *Kozdras* v. *Land/Vest Properties, Inc.*, 382 Mass.

---

[4] This qualification acknowledges that the vendor of a registered title is no more proof against liens and attachments than the vendor of an unregistered title.

[5] The pleadings, affidavits, and memoranda do not contest the bona fide status of Ridgewood in relation to the purchase and sale agreement. There may be a quarrel over whether Ridgewood paid full consideration for the deed ultimately delivered to it and whether the deed was delivered conditionally or unconditionally.

[6] It is difficult not to harbor some skepticism on this score. McDonnell received statutory notice of the registration proceedings. She never entered an appearance or answered.

34 (1980). Rather, McDonnell appears to allege in general terms some interest for which she wants an accounting.[7]

2. *Intervention.* Although motions to intervene *after* judgment are seldom "timely," see 7A Wright & Miller, Federal Practice & Procedure § 1916, at 579 (1972), they may be allowed if the proposed intervener demonstrates a strong justification for intervention after judgment. See *Motor Club of America Ins. Co.* v. *McCroskey*, 9 Mass. App. Ct. 185, 187-188 (1980), and the authorities there cited. See also Smith & Zobel, Rules Practice § 24.4 (1975 & Supp. 1985). We think Ridgewood's case for postjudgment intervention fell in the strong category.

Under Mass.R.Civ.P. 24(a), 365 Mass. 769, 770 (1974), a party may intervene when the applicant claims, among other things, "an interest relating to the property or transaction which is the subject of the action." Here, Ridgewood, as buyer and the holder of a deed to the locus, had an interest in that property. It, as applicant, "is so situated that the disposition of the action may as a practical matter impair or impede [the applicant's] ability to protect that interest." *Ibid.* Once Quirk found it convenient to negotiate a surrender as to the locus, it was apparent that Ridgewood's interest in the locus was going to be deeply subverted, if not extinguished. Intervention in somewhat analogous, though less compelling, circumstances was allowed

---

[7] The nature of her complaint, joined with other claims for an accounting, is presumably what caused McDonnell to bring her action in the Probate Court. An attack on the title based on a fraud on the Land Court in the registration case would preferably be brought in the Land Court, which is familiar with the registration case and has specialized knowledge concerning title matters. Compare *State St. Bank & Trust Co.* v. *Beale*, 353 Mass. 103 (1967) (brought in the Land Court), with *Kozdras* v. *Land/Vest Properties, Inc.*, 382 Mass. 34 (1980) (brought in the Superior Court). A complaint for review brought within one year of registration pursuant to G. L. c. 185, § 45, is within the exclusive jurisdiction of the Land Court. See *Wareham Sav. Bank* v. *Partridge*, 317 Mass. 83, 84-85 (1944). See also, Mendler, Massachusetts Conveyancers' Handbook § 8:1, at 186-188 (1984). To the extent, as here, the action includes matter not within the specialized purview of the Land Court, the preferred procedure is for the judge to ask the Chief Administrative Justice to grant the trial judge whatever additional judicial hat is required to cover all subject matter involved in the case. See *Konstantopoulos* v. *Whately*, 384 Mass. 123, 129 (1981).

as matter of right in *FDIC* v. *Engle*, 524 F.2d 1339, 1340-1341 (9th Cir. 1975). Contrast the facts as to adequacy of existing representation presented in *Attorney Gen.* v. *Brockton Agricultural Soc.*, 390 Mass. 431, 433-435 (1983).

In the circumstances, the lateness of Ridgewood's attempt to enter the case occasions no surprise. Upon the text of McDonnell's complaint, the strife was intra-family and involved no assault upon the registered title. Quirk was defending vigorously, and the intervention of Ridgewood might have struck a conscientious lawyer as meddlesome and a waste of the client's assets. Cf. *Trager* v. *Hiebert Contr. Co.*, 339 F.2d 530, 531 (1st Cir. 1964). That McDonnell had filed a notice of lis pendens need not have provoked an earlier entry into the fray by Ridgewood. As was called to attention in *Debral Realty, Inc.* v. *DiChiara*, 383 Mass. 559, 561-562 (1981), a notice of lis pendens gives notice to a prospective third-party transferee from which that transferee can, "with the exercise of reasonable prudence, acquire information relevant to a decision whether to consummate the transaction." An intelligent evaluation of the notice of lis pendens prior to Quirk's about-face was that it would be only a matter of time before the notice of lis pendens would be cancelled.

We are unpersuaded by Quirk's further argument, based on *Steele* v. *Estabrook*, 236 Mass. 252, 254-255 (1920), that a notice of lis pendens inevitably relegates to the role of a passive spectator a party who takes a deed after the recording (or registration) of the notice. Quirk seems to contend that the third party is bound to abide the outcome between the principals. Such a reading and application of *Steele* v. *Estabrook* ignores the gloss placed on it by *Debral Realty, Inc.* v. *DiChiara*, 383 Mass. at 561-562. The third party may, after evaluating the litigation which underlies the lis pendens, reasonably elect to consummate the transaction. If the underlying action takes an unexpected turn, we perceive no reason why the third party cannot intervene to protect its position.

The order denying Ridgewood's motion to intervene is reversed. An order shall be entered allowing its intervention.

The judgment, declaring that title to the locus stands in the name of Quirk and McDonnell and ordering the trustee of Newark to make conveyance accordingly, is vacated.

*So ordered.*