JAMES L. WHITTENBERGER *vs.* COMMERCIAL CREDIT
CORPORATION & others.

No. 93-P-839.

Suffolk. March 21, 1994. - September 22, 1994.

Present: BROWN, SMITH, & LAURENCE, JJ.

*Real Property*, Registered land: review of judgment of registration. *Fraud.*

A purported conveyance of registered land based on a forged certificate
and deed was rendered "null and void" by the provisions of G. L. c.
185, § 62, as amended by St. 1981, c. 658, § 33, applicable to such a
"subsequent registration"; as between a good faith mortgagee of the
premises and the innocent original owner of the certificate, the statute
mandates the owner be protected. [304-306]

CIVIL ACTION commenced in the Land Court Department
on August 25, 1992.

The case was heard by *Marilyn M. Sullivan*, J., on a motion for summary judgment.

*Thomas Paul Gorman* for Commercial Credit Corporation.

*John J. Falvey, Jr.*, for the plaintiff.

BROWN, J. The plaintiff, Dr. James L. Whittenberger,
brought this action to quiet title to a parcel of registered land
located at 52 Gun Club Lane, Weston. The defendant Commercial Credit Corp. (Commercial Credit) claims to have a
mortgage on that parcel (the premises). At issue is the applicability of the statutory provisions that govern the effect of
the issuance of a certificate of registration based upon a
forged deed or other instrument.

In 1946, Dr. Whittenberger and his wife purchased the
premises. An original judgment of registration of the premises had been entered in 1937. In April, 1992, Dr. Whittenberger learned that a foreclosure sale on the premises had

been advertised. After a title search, Dr. Whittenberger discovered a deed dated April 18, 1990, purporting to transfer the premises from Dr. Whittenberger to his son Peter Whittenberger. The parties agree that the deed was a forgery. Apparently, a petition for a new duplicate certificate of title, also a forgery, had been filed, ostensibly, on behalf of Dr. Whittenberger and his wife, which stated that the original duplicate certificate had been misplaced and requested a new duplicate certificate of title in the names of the doctor and his wife.

On the basis of these forged documents, a new certificate of title was issued by the Land Court on April 26, 1990, purporting to establish title to the premises in Peter. The memoranda of encumbrances on that certificate referred to a number of mortgages, including the one held by Commercial Credit, at issue here.

A judge of the Land Court allowed Dr. Whittenberger's motion for summary judgment, holding, in effect, that the mortgage held by Commercial Credit was null and void under G. L. c. 185, § 62. This is an appeal from the ensuing judgment.

General Laws c. 185 created a system of land registration designed to provide certainty in real estate titles. "[T]he underlying purpose of title registration is to protect the transferee of a registered title." *Kozdras* v. *Land/Vest Properties, Inc.*, 382 Mass. 34, 44 (1980). The essence of this case lies in the characterization of the purported conveyance of the premises to the plaintiff's son, Peter. While it is undisputed that the conveyance was based on forged documents, G. L. c. 185 provides two separate remedies for such transfers of premises depending upon whether it is an original registration of land (G. L. c. 185, § 45) or a subsequent registration (G. L. c. 185, § 62).

Commercial Credit argues that its mortgage interest is superior to Dr. Whittenberger's claim by virtue of its status as an innocent purchaser for value and, therefore, should be protected. Specifically, Commercial Credit contends that, as a bona fide purchaser for value, it should be protected by

G. L. c. 185, § 45, as amended by St. 1981, c. 658, § 25, which mandates that "any person aggrieved by [a judgment of registration] in any case may pursue his remedy in tort against the plaintiff or against any other person for fraud in procuring the judgment."

The Land Court judge concluded, however, that G. L. c. 185, § 62, governs the instant facts. We agree. Section 62, as amended by St. 1981, c. 658, § 33, states that, "[i]n all cases of registration procured by fraud, the owner may pursue all his legal and equitable remedies against the parties to such fraud, without prejudice however to the rights of any innocent holder for value of a certificate of title. After the transcription of the judgment of registration on the original complaint, *any subsequent registration procured by* the presentation of a forged duplicate certificate, or of *a forged deed* or other instrument, *shall be null and void*" (emphasis supplied).

The judge interpreted § 62 to mean that any registration after the original decree "can confer no rights on any innocent party whose interest arises thereafter." Essentially, the judge determined that the plain language of § 62 applied, due to the fact that the forged deed effected a § 62 transfer, rather than a § 45 transfer. It is undisputed that the original judgment of registration of the premises entered in 1937. In contrast, the purported conveyance of the premises in April, 1990, based on a forged certificate and deed, constitutes a "subsequent registration," which, under § 62 is null and void.[1] Section 45 relates only to rights affected by fraud in an *initial* judgment of registration and is therefore inapplicable in the instant circumstances.

The cases relied on by Commercial Credit for the proposition that Massachusetts case law supports the rights of a good faith mortgagee in these circumstances are inapposite. Each case cited involved an *initial* judgment of registration and was decided under § 45. See *State St. Bank & Trust*

---

[1]Registered land, once "original[ly]" registered, can only be conveyed by a "subsequent registration." See G. L. c. 185, § 57; *Cities Serv. Oil Co. v. General Dynamics Corp.*, 14 Mass. App. Ct. 131, 134 (1982).

*Co.* v. *Beale*, 353 Mass. 103, 107 (1967)(where plaintiffs were defrauded by an initial registration, they were entitled to restitution under § 45); *McDonnell* v. *Quirk*, 22 Mass. App. Ct. 126 (1986)(where plaintiff claimed to be defrauded in initial registration of property, but had received statutory notice, the rights of the subsequent purchaser prevailed under § 45). See also *Kozdras* v. *Land/Vest Properties, Inc.*, *supra*; *Tetrault* v. *Bruscoe*, 398 Mass. 454 (1986).

As a final argument, Commercial Credit asserts that considerations of equity weigh in its favor. We agree with the Land Court judge's assessment that, on the instant facts, "as between two innocent parties, the statute (i.e., § 62) mandates that the original owner of the certificate be protected. The intent of the language in § 62 is clear and consistent with the purpose of the Land Registration Act, that is, to lend finality to an original registration of land. See *Lasell College* v. *Leonard*, 32 Mass. App. Ct. 383, 387 (1992), and cases cited.

*Judgment affirmed.*