Rufo, Robert C., J.
This is an action for accounting brought by the Executors of the Estate of Ada Molla (“Molla”), Carolyn Laneau and Robert L. Molla (“Plaintiffs”), against Peter J. Nyberg (“Nyberg”). The Plaintiffs claim that an Agreement for Judgment (“Agreement”) filed in the Barnstable Superior Court on December 5, 1990 (appended to the Complaint as Exhibit A ), created an inter vivos trust for the benefit of Molla and Nyberg, with Nyberg as defacto trustee, and that Nyberg has repudiated that trust by failing to distribute Molla’s share of the funds Nyberg received when the land in question was taken by eminent domain. Nyberg contends that the Agreement for Judgment did not create a trust and that even if it (or other subsequent events) did, the statute of limitations bars this action. The matter is before this Court on Nyberg’s Motion for Summary Judgment. After a hearing and careful consideration of the parties’ submissions, this Court ALLOWS Defendant’s Motion for Summary Judgment.
BACKGROUND
The undisputed facts and the disputed facts viewed in the light most favorable to the nonmoving party, the Plaintiffs, are as follows. Parent v. Stone & Webster Eng’g Corp., 408 Mass. 108, 113 (1990).
In 1990, Nyberg owned a parcel of land on Old Bass River Road in South Dennis (“the property”) that he hoped to develop. The property was subject to a mortgage held by Molla. On December 5, 1990, Molla and Nyberg executed an Agreement for Judgment in which Molla agreed to discharge the mortgage in anticipation of the development of the property with the commitment that the parties would “divide any profits of the sale of the lots included in the subdivision” subject to some credits. The Agreement also stated that the parties would transfer the property “into a trust not in the name of [Nyberg or Molla], but their beneficial interests as outlined in this Agreement are to be preserved and protected.” Molla never discharged the mortgage, and is in fact a mortgagee of record to this day. Likewise, the parties never transferred the property to a trust and no trust was ever recorded.
On May 6, 1996, the Dennis Water District acquired a portion of the property by eminent domain and paid Nyberg approximately $600,000.00 in compensation for the taking. The taking was recorded three days later on May 9. Nyberg did not disburse any of the proceeds from that transaction to Molla. One year later, on May 9, 1997, Molla died. The Plaintiffs were designated the executors of her estate on June 29, 1999.
DISCUSSION
I. Standard of Review
Summary judgment is granted where there are no genuine issues of material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Corr., 390 Mass. 419, 422 (1983). The moving party may satisfy its burden either by submitting affirmative evidence negating an essential element of the opposing party’s case, Flesner v. Technical Commc’ns Corp., 410 Mass. 805, 809 (1991), or by demonstrating “that the party opposing the motion has no reasonable expec *106 tation of proving an essential element of that party’s case.” Carey v. New England Organ Bank, 446 Mass. 270, 278 (2006) (quoting Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “(B]are assertions and conclusions . . . are not enough to withstand a well-pleaded motion for summary judgment.” Polaroid Corp. v. Rollins Envtl. Servs., Inc., 416 Mass. 684, 696 (1993).
II. Analysis
The Agreement executed by Molla and Nyberg did not create an express inter vivos trust. It merely articulated the parties’ intention to create a trust in the future, much like it expressed an intention that Molla would discharge the mortgage. Neither task was completed. Moreover, no trustee was named and the Agreement states that neither Molla nor Nyberg would be named trustee.
The Agreement also does not create an equitable trust. An equitable trust, or a constructive trust, is created when a party obtains title to property by fraud or in violation of a fiduciary duty. Sanguitnetti v. Nantucket Const. Co., 5 Mass.App.Ct. 227, 236 (1977). Here, the Agreement appears to have been bargained for, and there is no evidence that Nyberg committed any fraud in the inducement. The record contains nothing to support the suggestion that either party’s hands were unclean at the time of the execution of the Agreement.
Finally, the Plaintiffs are time-barred from bringing an action for constructive trust based on the funds from the Dennis Water District taking. According to the terms of the Agreement, the proceeds from the property in question should have been divided between Molla and Nyberg, taking the credits listed in the Agreement into consideration.[2] Nyberg neither made a distribution nor gave an explanation for failing to do so. However, the Plaintiffs did not take any action in response to Nyberg’s failure until well after any possible statute of limitations had expired.
The Plaintiffs argue that the statute of limitations was not triggered until they had actual knowledge that Nyberg had repudiated the trust, citing DeMoulas v. DeMoulas Super Mkts., 424 Mass. 501, 518 (1997), and others. However, a constructive trust is not a trust. See State St. Bank & Trust Co. v. Beale, 353 Mass. 103, 105 (1967). It is an equitable remedy designed to disgorge unjust enrichment. Id. The Plaintiffs have not cited any authority to support their contention that the statute of limitations requires actual notice. All of the cases cited by the Plaintiffs describe the repudiation of actual, express trusts. Given the fundamental difference between an express trust and a constructive trust, this Court cannot extend the requirement of actual notice when there is no legal authority to do so. Therefore, the statute of limitations began at the time of the taking and the Plaintiffs’ potential claim for a constructive trust is time-barred.
ORDER
For the foregoing reasons, this Court ALLOWS the Defendant Peter J. Nyberg’s Motion for Summary Judgment.

 The Agreement does not explicitly anticipate a taking, but states that the proceeds from any sale would be distributed according to the terms. For the purposes of this decision, this Court assumes, arguendo, that a taking is analogous to a sale.