Dr. George Woodwell and The Green Center, Inc. (proposed interveners) appeal from the denial of their motion to intervene in an action between the town of Falmouth (town) and the Falmouth zoning board of appeals (board) in which judgment had already entered. The judgment declared that two wind turbines operated by the town were a nuisance and ordered that their operation cease and desist.[3] The town did not appeal from that judgment. The proposed interveners sought to defend the interests of the town by intervening for the purpose of filing a motion for relief from judgment to modify the remedy pursuant to Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974). The judge denied the motion concluding that the interveners could not likely establish standing, and that the motion was untimely. We affirm.
1. Background. Barry and Dianne Funfar (the Funfars) filed a request with the Falmouth building commissioner for enforcement of the zoning code as to the operation of two wind turbines in Falmouth. Their request was denied and the Funfars appealed to the board, which reversed the commissioner's decision. The town appealed and after a bench trial in the Superior Court, the judge found the turbines violated the zoning code and ordered that they cease operation. Judgment entered on June 21, 2017, and the town did not appeal.
On November 15, 2017, after the thirty-day deadline to appeal the judgment had passed, the proposed interveners filed a motion to intervene pursuant to Mass. R. Civ. P. 24 (a) (2) and (b) (2), 365 Mass. 769 (1974), and motion for relief from judgment to modify the remedy pursuant to Mass. R. Civ. P. 60 (b). The judge denied the motion to intervene and deemed the rule 60 (b) motion moot. This appeal followed.[4]
2. Intervention. a. As of right. Intervention as a matter of right pursuant to Mass. R. Civ. P. 24 (a) (2)[5] requires that the proposed interveners demonstrate that: (1) they had an interest in the town's suit; (2) disposition of that suit may have impaired their ability to protect that interest; and (3) the town did not adequately represent that interest. Johnson Turf & Golf Mgt., Inc. v. Beverly, 60 Mass. App. Ct. 386, 389 (2004). "[I]nterest in the litigation must be 'significantly protectable,' ... and must be sufficiently direct and immediate to justify the intervention.... The interest does not suffice if it is remote or contingent." Bolden v. O'Connor Cafe of Worcester, Inc., 50 Mass. App. Ct. 56, 62 (2000). The party seeking intervention must demonstrate an interest that is distinct from the interests the parties have already presented. Local 589, Amalgamated Transit Union v. Massachusetts Bay Transp. Auth., 392 Mass. 407, 410 (1984). "Whether the prospective intervener has met 'the requirements for intervention is a question of law,' and therefore we review the ruling de novo" (citation omitted). Beacon Residential Mgt., LP v. R.P., 477 Mass. 749, 753 (2017).
The proposed interveners claim that they were entitled to intervention as of right because they had compelling interests that were no longer being adequately represented by the town. Their purported interests are financial, environmental, and professional.[6] As residents and taxpayers, they assert that they will ultimately be responsible for the wasted costs in the production, erection, and removal of the wind turbines, and that the town, and therefore its residents, will lose revenue that the wind turbines would have produced that could have been used to offset some of the town's expenses. Further, they contend that whatever source of energy is used to replace the energy that the wind turbines would have produced will likely be generated by fossil fuels and will therefore contribute to the town's pollution and emissions and negatively affect the proposed interveners.
The prevention of a waste of tax revenue is not a direct or immediate interest because the harm taxpayers will suffer is too generalized. See Application of Biester, 487 Pa. 438, 444 (1979) (prevention of waste of tax revenue, under circumstances presented, is merely same interest all citizens have in having others comply with law or constitution). So too is the assertion that fossil fuels will be used in place of the turbines. Neither of these is a direct or immediate interest to town residents. Further, these interests are not distinct from those of the town, which is tasked with representing the interests of all of its residents.
As an organization, The Green Center has not offered sufficient evidence to support the assertion that its interest in reducing environmental contamination will in fact be harmed by the judgment. See Citizens to End Animal Suffering & Exploitation v. New England Aquarium, 836 F. Supp. 45, 53 (D. Mass. 1993) (standing requirements not satisfied where organizational plaintiffs failed to offer evidence of actual or imminent harm). Accordingly, The Green Center also does not meet the "interest" requirement as set forth in the rule.
Even if the proposed interveners asserted a protectable interest distinct from that of the town, they have not demonstrated that the town failed to adequately represent their interests. To succeed under rule 24 (a) (2), the proposed interveners had "the burden ... of making a compelling showing of inadequate representation" (citation omitted). Planned Parenthood League of Mass., Inc. v. Attorney Gen., 424 Mass. 586, 599 (1997). They did not carry their burden here.
Moreover, the proposed interveners do not contend that the town's interest is adverse to theirs, or that the town has colluded with the opposing party or failed to fulfil its duty of representation. See Massachusetts Fed'n of Teachers, AFT, AFL-CIO v. School Comm. of Chelsea, 409 Mass. 203, 207-208 (1991) (record did not support claim that parents' objectives differed from those of school committee where school committee was as dedicated as parents to goal of improving quality of education while maintaining public oversight). A government "is presumed to represent the interests of its citizens ... when it is acting in the lawsuit as a sovereign." United States v. New York, 820 F.2d 554, 558 (2d Cir. 1987). "[I]f disagreement with an actual party over trial strategy, including over whether to challenge or appeal a court order, were sufficient basis for a proposed intervenor to claim that its interests were not adequately represented, the requirement [that a State is presumed to represent the interests of its citizens when acting as a sovereign in litigation] would be rendered meaningless." United States v. Yonkers Bd. of Educ., 902 F.2d 213, 218 (2d Cir. 1990). The town sought judicial review of the board's decision and presented all colorable contentions, but lost. See Natural Resources Defense Council, Inc. v. New York State Dep't of Envtl. Conservation, 834 F.2d 60, 61-62 (2d Cir. 1987) ("So long as the party has demonstrated sufficient motivation to litigate vigorously and to present all colorable contentions, a district judge does not exceed the bounds of discretion by concluding that the interests of the intervenor are adequately represented"). The fact that the town did not appeal the judgment does not mean that it failed to fulfil its duty to its residents. To the contrary, a taxpayer may be well served by a government which makes strategic decisions about when to stop spending taxpayer dollars in litigation. In any event, if a citizen believes that the town government has made incorrect decisions with respect to litigation, that does not mean that the town has not adequately represented the citizen's interest such that he or she can take over that litigation. The citizen's remedy can be found at the ballot box, not in the rules of civil procedure.
b. Permissive intervention. Alternatively, the proposed interveners claim that they were entitled to permissive intervention pursuant to rule 24 (b) (2) because their claim -- enduring financial, environmental, and professional loss -- has a question of law or fact in common with the main action. An individual may be permitted to intervene in an action "when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Mass. R. Civ. P. 24 (b) (2). We review for an abuse of discretion. Bolden, 50 Mass. App. Ct. at 70. Abuse of discretion occurs where the judge "made a 'clear error of judgment in weighing' the factors relevant to the decision ... such that the decision falls outside the range of reasonable alternatives" (citation omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).
We see no reason to disturb the judge's ruling. He was aware of the history of this litigation, including negotiations between the town and the proposed interveners beginning in 2013. The judge was required to consider whether intervention would delay or prejudice the adjudication of the rights of the original parties. Here, he properly considered that intervention would delay and complicate the final resolution that was achieved between the original parties, and would therefore prejudice those parties. Indeed, the original parties considered the matter to be concluded. Moreover, reopening the case would cause the original parties to incur additional legal expenses. See Peabody Fed'n of Teachers, Local 1289, AFT, AFL-CIO v. School Comm. of Peabody, 28 Mass. App. Ct. 410, 414 (1990) (no abuse of discretion where "reopening the judgment would have been delay in the payment of back pay ... [and] [a]dditional legal expenses would be incurred which would likely deplete the settlement pot"). For these reasons, the judge did not abuse his discretion in denying the motion.
c. Pleading requirement. Lastly, the proposed intervener's motion did not comply with Mass. R. Civ. P. 24 (c), which states that "[a] person desiring to intervene shall serve a motion to intervene upon the parties .... The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought." The proposed interveners did not file a "pleading," but argue that their rule 60 (b) motion suffices for the purposes of rule 24 (c).
The rule 60 (b) motion did not constitute a pleading under Mass. R. Civ. P. 7, as amended, 385 Mass. 747 (1974), and therefore did not cure this procedural defect. For this reason alone, the motion to intervene was properly denied. See Board of Selectmen of Stockbridge v. Monument Inn, Inc., 8 Mass. App. Ct. 158, 162 (1979) (no error denying intervention when proposed interveners failed to submit pleading).
Order denying motion to intervene affirmed.

Litigation concerning the wind turbines have been before this court in two prior appeals. Drummey v. Falmouth, 87 Mass. App. Ct. 127 (2015) (special permit was required for building of wind turbines); and Funfar v. Falmouth, 93 Mass. App. Ct. 1108 (2018) (abutter's appeal from dismissal of their attempted late appeal challenging second of two wind turbines dismissed as moot).

Assuming without deciding the timeliness of the proposed interveners' motions, we review the merits of their claims. See McDonnell v. Quirk, 22 Mass. App. Ct. 126, 132 (1986) ("Although motions to intervene after judgment are seldom 'timely,' ... they may be allowed if the proposed intervener demonstrates a strong justification for intervention after judgment" [emphasis omitted] ).

Rule 24 (a) (2) provides that "Upon timely application anyone shall be permitted to intervene in an action ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

The proposed interveners raise the issue of professional interests for the first time on appeal. As such this issue is waived. See Mass. R. A. P. 16 (a), as amended, 428 Mass. 1603 (1999).